The Court.
In effect, the complaint alleged that the policy of fire insurance sued on was issued on an application made and signed by the plaintiff. The application contained certain material representations as to the manner in which the building was occupied. The plaintiff, against the objection and exception of the defendant, was permitted to testify at the trial, in effect, that the application was in fact made by an agent of the defendant, of the name of Burckhalter, and that he (plaintiff) did not know what representations it contained. In the first place, that testimony was in contra *584 diction of the averment of the complaint, and should have been ruled out. But it was not, and the plaintiff recovered in the action. The defendant moved for a new trial, among other grounds upon the ground of newly discovered evidence; and in support of the last-mentioned ground, presented the affidavit of Burckhalter, in which the statements of the plaintiff at the trial were put in issue, and tending to show that the representations contained in the application were in fact made by the plaintiff.
As they were material, and were claimed by defendant to have been false, defendant was entitled to an opportunity to show that they were made by plaintiff, for the policy was issued in part upon them. Defendant did not have an opportunity of producing the proof at the trial, because it could not have been anticipated that plaintiff would be permitted to testify that he did not make the representations contained in his application, upon which it is alleged the policy was issued.
The judgment and order are reversed, and the cause remanded for a new trial.