Filed Sept. 21, 1887.

---

No. 12,324.

## GRAY v. NATIONAL BENEFIT ASSOCIATION.

LIFE INSURANCE.—*Age of Assured.*—*Requirements of By-Laws.*—*Disregard of.* —*Estoppel.*—A life insurance company, organized under the laws of this State, which issues a policy to one under the age required by its by-laws merely, with knowledge of the assured's true age, or which, after obtaining such knowledge, still retains the consideration and makes no offer to cancel the contract, is estopped to set up the matter of age as a defence to an action on the policy.

SAME.—*By-Laws.*—*Violation of by Insurer.*—*Rights of Third Persons.*—By-laws enacted by the directors, for their own government in the management of the business of the corporation, can not be extended to affect the validity of acts done in disregard thereof, especially where the rights of third persons are concerned.

SAME.—*Pleading.*—*Setting Out By-Law.*—Where, in an action on a life insurance policy, the insurer bases its defence upon its rules or by-laws, they must be set out in the answer or the latter will be bad.

From the Marion Superior Court.

*R. Hill* and *R. N. Lamb*, for appellant.

*S. M. Shepard, C. Martindale* and *J. Buchanan*, for appellee.

HOWK, J.—This is an appeal by Bridget Gray, the plaintiff below, from a judgment of the Marion Superior Court, in general term, against her for appellee's costs. By a proper assignment of error here, she has brought before this court the same error she assigned below, in general term, namely:

That the Marion Superior Court, at special term, erred in sustaining appellee's demurrer to appellant's amended reply herein.

The case is before us on the pleadings. In her complaint appellant alleged that appellee, the National Benefit Association of Indianapolis, was a corporation organized under the laws of this State, and was engaged in the business of insuring the lives of persons against death, caused by bodily injuries effected through external, violent and accidental means, when death shall result therefrom within six months from the happening of such accident, and during the time such person shall be a member of such association; that in pursuance of, and in accordance with, the business of such appellee, on or about the 27th day of March, 1882, the appellee issued to one William E. Gray a certain policy or certificate of insurance in such association, and took William E. Gray into the association as a member thereof, a copy of which certificate of membership or policy was filed with and made part of such complaint; that while William E. Gray was a member of such association, to wit, on the 1st day of December, 1882, he, William E. Gray, was employed as a locomotive fireman on a locomotive engine on the Kentucky Central Railroad; that while so employed, the locomotive whereon he, William E. Gray, was so employed, collided with another locomotive and train of cars on such railroad, and in such collision, and by reason thereof, he was thrown violently against the boiler of the locomotive engine, whereof he was fireman, and pressed against the same by the tank thereof, and was thereby instantly killed by external, violent and accidental means; that, on or about the — day of — 1883, and within six months after the accident which caused the death of William E. Gray, appellant furnished the appellee with notice and proper and sufficient proofs of the death of William E. Gray, in accordance with the requirements of such certificate or policy, and, in all respects, had done and performed all the conditions and stipulations of

such contract on her part; but that the appellee had and still refused to pay such sum of $1,000, in such certificate or policy mentioned, or any part thereof. Wherefore, etc.

To appellant's complaint the appellee answered in two paragraphs, whereof the first was a general denial. In the second paragraph of its answer, the appellee said that its rules and by-laws forbade the issuance of a certificate of membership to any person under the age of eighteen years, or over the age of sixty-five years; and appellant's decedent, well knowing this rule of such association, falsely and fraudulently misrepresented his age to appellee, in his application for membership, and warranted to appellee that he was eighteen years of age, whereas he well knew at the time that he was under the age of eighteen years; that the appellee never knew that such decedent was under eighteen years of age until the appellant presented to it the proofs of his death, wherein she made oath that he was under the age of eighteen years. Wherefore the appellee said that such certificate of membership was void, and the appellant ought not to have and maintain her action thereon.

For her amended reply to the second paragraph of appellee's answer, the appellant said that the contract sued on was made and executed between appellee and appellant's son, William E. Gray, at the city of Covington, in the State of Kentucky; that one George Jobe was the appellee's agent and acted on its behalf in making such contract, and prepared the application of William E. Gray for such certificate of membership; that William E. Gray fully explained to such agent, before the contract was made and before his application for such certificate of membership was prepared, that, at the time the application was made and such certificate issued, he was under the age of eighteen years, and correctly informed such agent what his true age was, which, appellant said, was, to wit, seventeen years and ten months; that such agent then informed William E. Gray that the fact that he was under the age of eighteen years by so short a

time as two months would make no difference, and that, under the circumstances, when so explained to such agent, it would be proper for him to sign the application which the agent prepared, showing his age to be eighteen years; that thereupon William E. Gray signed such application accordingly, and paid such agent, for the appellee, the sum of $11.20, as admission fee and for two advance assessments, which the appellee still retained; that appellee was not at all deceived thereby, but, through its agent, had full knowledge of the true state of facts in regard to the age of William E. Gray before the issuing of the certificate of membership sued on herein. Wherefore, etc.

We are of opinion that the court below, at special term, erred in sustaining appellee's demurrer to appellant's amended reply to the second paragraph of appellee's answer herein, and that, because of this error, the general term also erred in affirming the judgment below at special term. It will be observed that, in the second paragraph of its answer herein, appellee has not alleged that there was any provision in the law of its incorporation or charter which forbade its issuance of such a certificate of membership therein as the one sued on in this action to any person under or over any specified age. It may be safely assumed, in the absence of any averment to the contrary, that appellee was incorporated under and pursuant to the provisions of an act entitled "An act for the incorporation of insurance companies, defining their powers and prescribing their duties," approved June 17th, 1852, and in force since May 6th, 1853. 1 R. S. 1876, p. 584, et seq. In section 20 of this act (section 3727, R. S. 1881), the general power is conferred upon corporations, such as the appellee, to "make insurance * * * on the life or health of any person," without limitation of any kind as to the age of such person in that or any other section of the general law of the State under which they are created and to which they owe their existence. Of course, if the statute of this State which constitutes appellee's charter had con-

ferred upon it the power only to make insurance on the life or health of any person between certain ages, or had forbidden appellee to make insurance on the life or health of any person under or over specified ages, it would not have been competent for appellee, either by its principal officers or by any agent, to have made valid insurance on the life or health of any person in violation of the limitation as to the age of such person in the law of its existence. *Leonard* v. *American Ins. Co.*, 97 Ind. 299, and authorities there cited; *Presbyterian Mut. Assurance Fund* v. *Allen*, 106 Ind. 593.

In the second paragraph of its answer, as we have seen, the appellee averred that its rules and by-laws forbade the issuance of a certificate of membership to any person under the age of eighteen years or over the age of sixty-five years; and appellee's defence to this suit, as stated in such paragraph, is predicated upon the prohibition in its rules and by-laws against the issuance of the certificate to William E. Gray, who, as alleged, well knew that he was under the age of eighteen years. It was also alleged that William E. Gray, well knowing appellee's rule and by-law, falsely and fraudulently misrepresented his age in his application for membership, and warranted to appellee that he was eighteen years of age.

We are of opinion that the facts stated in appellant's amended reply were amply sufficient, if true, and as they were well pleaded their truth is admitted by the demurrer thereto, to avoid appellee's defence to this suit, as stated in the second paragraph of its answer. Appellant averred and appellee admitted that the contract in suit was executed between appellee and appellant's son, William E. Gray, at the city of Covington, in the State of Kentucky; that George Jobe was appellee's agent, and acted for it in making such contract, and prepared William E. Gray's application for such certificate of membership; that he, Gray, fully explained to such agent, before the contract was made and before his application for such certificate was so prepared, that he was then

under the age of eighteen years, and correctly informed such agent what his true age was, which, appellant said, was seventeen years and ten months; that such agent then informed him, Gray, that the fact of his being then under eighteen years of age by so short a time as two months would make no difference, and that, under the circumstances, it would be proper for him to sign the application prepared by such agent, which he, Gray, accordingly signed, and paid such agent, for appellee, the sum of $11.20 as an admission fee and for two advance assessments, which appellee still retained; and that appellee was not deceived, but through such agent had full knowledge of the true age of William E. Gray before the issue of the certificate of membership sued on herein.

It is very clear, we think, that the court below erred in sustaining appellee's demurrer to appellant's amended reply. The demurrer searched the record, and as the paragraph of answer to which such amended reply was pleaded was clearly insufficient, the court ought to have overruled the demurrer as to such reply, and to have carried the same back and sustained it to the second paragraph of appellee's answer. This is so, under the well recognized rule of practice that even a bad reply to a bad paragraph of answer is sufficient to withstand a demurrer thereto for the want of facts. *Ætna Ins. Co.* v. *Baker*, 71 Ind. 102; *State, ex rel.*, v. *Porter*, 89 Ind. 260; *Clawson* v. *Chicago, etc., R. W. Co.*, 95 Ind. 152.

We have said that the second paragraph of appellee's answer was clearly insufficient. The defence attempted to be stated in such paragraph was, that appellee was prohibited from issuing a certificate of membership to any person under the age of eighteen years; and that, with knowledge of such prohibition and of the fact that he was under eighteen years of age, William E. Gray made his application for and procured from appellee the issuance of the certificate of membership sued on in this action.

The appellee was not prohibited, as we have seen, by any provision of the law under which it was incorporated, or of

Gray v. National Benefit Association.

any other statute of this State, from insuring the life of
William E. Gray, nor from executing the certificate or con-
tract sued on, for the benefit of his mother, the appellant
herein, by reason or on account of the fact that at the date
of his application and of such certificate or contract William
E. Gray was under or over any specified age.   The "rules
and by-laws" upon which appellee's defence to this suit, as
stated in the second paragraph of its answer, is founded, were
laws of its own making, for its own government, and, ap-
parently, for the purpose of imposing restrictions on its own
acts, or powers to act, which were not imposed on appellee
by any provision of the act under which it was incorporated,
or by any other statutory provision in force in this State.

Where the "rules and by-laws" are made by the directors
for their own government in the management of the business
of the corporation, it would seem to be clear that the same
power which enacts can also repeal such rules and by-laws.
They can not be extended to affect the validity of acts done
in disregard thereof, especially when the rights of third per-
sons are concerned.   Wood's Field on Corporations, section
267, and cases cited in foot-notes.

Conceding, without deciding, that it was not competent
for appellee, or any of its officers or agents, to waive or sus-
pend the operation of its "rules and by-laws," or to execute
and issue a valid certificate of membership or contract in any
case where the issuance thereof is prohibited by such "rules
and by-laws," we are of opinion that the second paragraph
of appellee's answer was, and is, fatally defective, in this, that
it fails to give or set out therein the "rules and by-laws"
upon which its special defence to this suit was and is predi-
cated, but gives merely, in lieu thereof, the pleader's conclu-
sion as to the effect of such rules and by-laws upon the
issuance of the certificate or contract sued on.   The rules
and by-laws upon which appellee relied in the second para-
graph of its answer ought to have been set out therein, so
that the court might determine whether or not they forbade

the issuance of the certificate or contract upon which the appellant sued herein. The second paragraph of answer was clearly bad, and the demurrer to the reply ought to have been carried back by the court and sustained to such paragraph of answer.

It is shown by the record of this cause that William E. Gray applied to appellee's agent at Covington, Kentucky, for the certificate or contract in suit on the 24th day of March, 1882, and that on the 27th day of March, 1882, such certificate or contract was issued to him by appellee, and was payable to Bridget Gray, the appellant herein, ninety days after the receipt of satisfactory proofs of the death of William E. Gray, etc. It is further shown that, on the 1st day of December, 1882, and while the certificate or contract sued on was still in full force, William E. Gray was instantly killed in a railroad collision, by external, violent and accidental means; and that on the — day of ——, 1883, and within six months after such death of William E. Gray, appellant furnished appellee with satisfactory proofs of such death. This suit was commenced by appellant against appellee in the court below, for the recovery of the amount due on such certificate or contract, on the 26th day of October, 1883, and, on February 20th, 1884, appellee filed its answer herein, the substance of which we have heretofore given. On the 8th day of December, 1884, appellant filed her amended reply, heretofore given in this opinion, and on the same day appellee's demurrer was sustained to such reply.

We have said that the facts stated in appellant's reply, which are admitted to be true as the case is now presented, were abundantly sufficient to avoid appellee's defence to this suit, as stated in the second paragraph of its answer. Appellee admits, by its demurrer, that it had full knowledge of the true age of William E. Gray before it issued to him the certificate of membership or contract upon which appellant has sued in this action; and that, with this knowledge, appellee still retained, on the 8th day of December, 1884, the

Gray v. National Benefit Association.

sum of money paid by William E. Gray for such certificate, and for assessments against him as one of its members. In the face of these admissions in regard to its knowledge of the true age of William E. Gray before appellee issued to him the certificate or contract sued on herein, its defence to this suit, predicated upon its rules and by-laws, and upon the representation and warranty of William E. Gray, in his application for such certificate, is entirely avoided. If it were true, as stated in its answer, that appellee never knew that William E. Gray was under the age of eighteen years until appellant furnished it with proofs of his death, yet as the record shows that such proofs of death were so furnished more than eighteen months before this suit was finally determined in the court below, and as it does not appear that appellee had ever offered to rescind or cancel the certificate or contract sued on, or to refund the money it had received thereon, it must be held, we think, that such certificate or contract had been so ratified and confirmed by appellee as to estop it from asserting the defence to this suit attempted to be stated in the second paragraph of its answer.

The judgment is reversed, with costs, and the cause is remanded, with instructions to overrule the demurrer to the reply and to carry it back and sustain it to the second paragraph of answer, and for further proceedings in accordance with this opinion.

Filed April 22, 1887; petition for a rehearing overruled Nov. 19, 1887.