<hr />

[No. 9890. In Bank. — April 30, 1888.]

## PAUL MENK, RESPONDENT, *v.* HOME INSURANCE COMPANY, APPELLANT.

FIRE INSURANCE — APPLICATION — OCCUPATION OF INSURED PREMISES. — An application for a policy of fire insurance stated, with reference to the occupation of the premises, that the first story was occupied by "applicant as a brewery," and the second story "as a lodging-house and family residence." The application further stated that the second story was occupied by a tenant. *Held*, there was no representation that the applicant personally resided on the premises.

ID. — MISSTATEMENTS BY AGENT OF INSURER. — Misstatements contained in an application for a policy of fire insurance, which was made out by the agent of the insurer, cannot be taken advantage of for the purpose of defeating the policy, if the agent knew the statements to be false when he made out the application.

ID. — EVIDENCE AS TO PROPERTY DESTROYED AT FIRE. — In an action on a policy of fire insurance, where the defense is made that the plaintiff himself set fire to the premises, evidence is admissible on behalf of the plaintiff that property belonging to him, other than that covered by the policy, was destroyed by the fire.

ID. — AFFIDAVIT IN PROOF OF LOSS — IMMATERIAL ERROR. — In such an action, the admission in evidence of an affidavit made by the plaintiff soon after the fire, in proof of the loss, is an immaterial error, when the plaintiff testifies to the same facts as those stated in the affidavit, and the court expressly limits the effect of the paper as evidence to showing that the affidavit had been made.

FINDING — INSUFFICIENCY OF EVIDENCE — NEW TRIAL. — The sufficiency of the evidence to sustain a finding will not be considered on appeal, unless the statement on motion for a new trial contains a specification of the particulars wherein the evidence is claimed to be insufficient.

APPEAL from a judgment of the Superior Court of Nevada County, and from an order refusing a new trial.

The facts are stated in the opinion of Department One.

*Olney & Byrne, A. B. Dibble, Van Ness & Roche,* and *Byrne & Cross,* for Appellant.

*Gaylord & Searls,* for Respondent.

The COURT.—This cause was heard and determined in Department. A rehearing was granted, and it comes before us again.

Upon further examination, we adhere to the former opinion filed, and the judgment and order appealed from are affirmed, for the reasons given in the opinion of Department One, filed August 30, 1887.

The following is the opinion above referred to:—

TEMPLE, J.—Suit was brought upon a policy of insurance issued by the defendant; and from the judgment rendered in the action against the defendant, and from an order denying defendant's motion for a new trial, this appeal is taken.

The application and survey were expressly referred to and made part of the policy, and it was further stipulated that such application and survey should be considered a part of the contract and a warranty by the assured, and that any false representation by the assured of the condition, situation, or occupancy of the property, or any omission to make known any fact material to the risk, or any over-valuation, should render the policy void.

Among other defenses, it was claimed that there was an over-valuation of the property and a misrepresentation as to its value; that a portion of the premises was occupied by a tenant as a saloon for the sale of liquors, which fact was not mentioned in the application, which stated as to the occupancy of the premises: "First story by applicant as a brewery; the second story as a lodging-house, and family residence in the rear."

It was also claimed on the trial, although there was no special plea of such defense, that the application contained a warranty in the above-quoted language that the applicant resided with his family on the premises, whereas, in fact, he did not reside there, but the premises were occupied by a tenant. In addition to the above language bearing upon this last point, the application in reply to the question, "Each story, how occupied?" has this: "Second story by tenant as a lodging-house." It is plain that there is no representation that the applicant personally resided there. The rear was occupied as a residence by the tenant who had the lodging-house.

On the trial the plaintiff was permitted to testify, against the objection and exception of the defendant, that the application was in fact made out by an agent of defendant by the name of Burckhalter, and that the plaintiff did not know what representations it contained; and further, that the agent knew all about the premises, and the manner in which they were occupied, and their value. There was other testimony to the same effect. It is claimed that this was error, and the case of *Menk* v. *Commercial Insurance Company of California*, 70 Cal. 585, is relied upon as authority.

That was a case by the same plaintiff to recover for the same loss, the property being insured in the two companies at the same time, Burckhalter being the agent for both companies.

Counsel assert that the language of the two complaints is practically identical. In that case this court said in effect that the complaint alleged that the policy was issued upon an application *made* and signed by the plaintiff, and that such testimony was in contradiction of the complaint, and should have been ruled out. The language of that complaint is not before us, except in the statements quoted from the opinion. In this case the allegation is simply, "A copy of the application of plain-

tiff for said insurance, referred to in said policy, is also hereto annexed." Obviously this is not an allegation that the application was made out by the plaintiff. Of course, whoever made it out, it was the application of the plaintiff, and was signed by him or his agent. The only point in the offered testimony was, that if the agent, knowing all the essential facts, made out the application for plaintiff, the company cannot take advantage of defective statements contained in it as not complying with the requirements of the company; nor would misstatements be fatal to the claim of plaintiff which the agent well knew to be false when he made out the application, received the money of the applicant, and issued the policy.

The tendency of the decisions is plainly to hold all those conditions waived which, to the knowledge of the agent, would make the policy void as soon as delivered. Otherwise the company would knowingly receive the money of the applicant without value returned, and the whole transaction would be a palpable fraud. (*Kruger* v. *Western Fire and Marine Ins. Co.*, 72 Cal. 91.) This consideration answers several points made by the defendant, which need not be further referred to.

It is claimed that the plaintiff was allowed, against the objection of defendant, to prove, in making out his loss, the value of property not insured. The application describes the property as follows:—

"Viz.: $2,000 on his two-story frame building and cellar, value $6,700; the first story occupied as a brewery, the second story as a lodging-house, and family residence in rear; $400 on his brewery apparatus, such as kettle, beer-kegs, tubs, faucets, cooler, and tools, value $1,400; $100 on his household furniture contained therein, value $300; situate north side Front Street, Truckee, Nevada County, California."

In the policy the property is described thus:—

"Viz.: $2,000 on his two-story frame building occu-

pied as a brewery, lodging-house, and family residence in rear, situate north side Front Street, Truckee, Nevada County, California; $400 on his brewery apparatus, and $100 on his household furniture contained therein; $2,500 other concurrent insurance permitted, reference being had to application and survey No. 88038, on file in this office, which is made a part thereof."

The words "and cellar" are omitted in the policy. The amount of insurance, two thousand dollars, was asked upon the frame building and cellar, which were together valued at six thousand seven hundred dollars. No separate valuation was placed upon the frame building, nor was any insurance asked upon it as a separate property. The cellar was inclosed by the frame building, and probably when he came to write the policy, the agent concluded that the two constituted one building. The cellar was in the rear portion of the frame building, and "was a stone building, having its floor somewhat lower than that of the frame building, and rising thirteen or fourteen feet above the level at that floor, but not as high as the ceiling by about five feet. 'It was made of rocks; walls two feet thick. Had iron doors. Covered on top with bricks, and fourteen inches of dirt.'"

The application was expressly referred to in aid of the description. There can be no doubt that the cellar was included in the policy.

We are unable to discover any error in the admission of evidence in regard to the personal property. Read in connection with the application, it seems plain that the articles for which the recovery was had were included in the policy.

We see no injury to the defendant in the fact that the plaintiff was allowed to testify as to the loss of other property beside that which was insured. It was a part of the statement as to what was burned, and then it had a bearing upon the issue tendered by the defense, that plaintiff had burned his own property.

The plaintiff was allowed to read in evidence his affidavit, which was prepared soon after the fire, to make proof of loss. The effect of the paper as evidence was expressly limited by the court to showing that he had made the affidavit. The most that can be said about it is, that the evidence was immaterial. In the face of the fact that the plaintiff had been on the stand, and had testified fully as to the facts within his knowledge, we will not presume that the jury could have disregarded the positive injunctions of the court. We do not think that the error, if it were error, could have prejudiced the rights of the defendant. It does not appear that the affidavit was ever sent to the defendant, and if it had been, and the defendant set up as a defense the alleged breach of the contract in making the statement charged to be false, we see no materiality in it.

The evidence offered to show that liquor had been sold to Indians, admitting its materiality, was clearly incompetent.

The defendant is not in a position to make the point that, by the terms of the contract, if the parties could not agree upon the amount of loss, it should be referred to arbitration. Waiving the question as to whether it should have been pleaded, there is no specification in the statement on motion for a new trial of insufficiency of the evidence, under which it could be raised. A general statement that there was no evidence which proved or tended to prove that the plaintiff at any time complied with or performed all the conditions or any of the conditions of the contract of insurance by him to be performed, would not be sufficient.

Judgment and order affirmed.

McKINSTRY, J., and PATERSON, J., concurred.