## BAYLEY v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION.

### S. F. No. 857; March 18, 1899.

#### 56 Pac. 638.

**Appeal.—A Finding by the Jury on Conflicting** evidence will not be disturbed.

**Insurance.—The Fact That an Accident Insurer had Waived** a false statement that the insured had never before received compensation for any accident, in so far as it had paid him therefor in 1892, and knew of certain other like payments by third persons in 1892, does not waive the falsity of the statement in that prior compensations for accidents had been paid the insured in 1886, of which the insurer had no knowledge.

**Insurance.—The Objection of Immateriality cannot be Urged** against a warranty in a policy so as to avoid the effect of a breach thereof.

APPEAL from Superior Court, City and County of San Francisco.

Action by G. B. Bayley against the Employers' Liability Assurance Corporation. From a judgment for plaintiff, defendant appeals. Reversed.

Van Ness & Redman for appellant; Stanley, Hayes, McEnerney & Bradley for respondent.

PER CURIAM.—This is an action upon a policy of accident insurance. The verdict and judgment were for plaintiff, and defendant appeals from the judgment and order denying a new trial.

The assured, George H. Bayley, was killed by an accident, and this action is brought by his widow, Gertrude B. Bayley, who was the person in whose favor the policy ran. At the trial all of the defenses set up in the answer were waived, except two: (1) That the insured represented in his written application for the policy that he had never proposed and been declined insurance by an accident insurance company, and that this was not true; and (2) that he represented in said application that he had never received compensation for any accident, whereas he had, in November, 1892, and

also in the year 1886, received compensation from other accident insurance companies on account of injuries he had sustained by previous accidents.

As to the first defense, it is sufficient to say that the evidence as to that defense was materially conflicting, and that, therefore, the finding of the jury upon the issue cannot be here disturbed.

2. The application upon which the policy was issued contained the following: "Said policy to be based upon the following statement of facts, which are to be considered as warranties." The fourteenth statement in the application is as follows: "I have no other accident insurance covering weekly indemnity except as herein stated: Aetna, ten thousand dollars." The fifteenth statement is as follows: "I have never received compensation for any accident except as herein stated"; and there was no statement as to any compensation having been received; and the statement, as thus expressed, was clearly that he never had received any prior compensation for an accident. But it was proven beyond doubt that he had received compensation for an accident in 1892, and also in 1886, and therefore the statement was false. This false statement, being a warranty, relieved the appellant from any liability on the policy, unless certain other principles of law intervene to prevent that result. Respondent contends that at the time the statement was made the appellant knew that respondent had before that received certain compensations for an accident, and that the appellant, having received the premium and issued the policy with a knowledge that the statement was false, thereby waived it. There is no doubt that the principle contended for by respondent as to the waiver is well established. In Menk v. Insurance Co., 76 Cal. 53, 9 Am. St. Rep. 158, 14 Pac. 839, and 18 Pac. 117, Mr. Justice Temple, delivering the opinion of the court in bank, said: "Nor would misstatements be fatal to the claim of plaintiff which the agent well knew to be false when he made out the application, received the money of the applicant, and issued the policy. The tendency of the decisions is, plainly, to hold all those conditions waived which, to the knowledge of the agent, would make the policy void as soon as delivered; otherwise the company would knowingly receive the money of the applicant without value returned, and the whole transaction would be a palpable

fraud: Kruger v. Insurance Co., 72 Cal. 91, 1 Am. St. Rep. 42, 13 Pac. 156.'' In Bacon on Benefit Societies and Life Insurance (vol. 2, par. 427) it is said: ''And if, when the insurance company issues the policy, it knows that certain answers in the application are falsely answered, it waives the right to object by such issue''; and the text is amply sustained by the authorities: See Van Schoick v. Insurance Co., 68 N. Y. 434; Gray v. Association, 111 Ind. 531, 11 N. E. 477; Schwarzbach v. Protective Union, 25 W. Va. 622, 52 Am. Rep. 227. This principle might be successfully invoked by respondent so far as the compensations for a former accident in 1892 are concerned, for it appeared that the appellant itself had paid some of those compensations, and that it also knew that other compensations were paid in that year by one or two other companies. And it might well be held to have waived the fact that respondent had received compensations for the accident which occurred in 1892. But respondent had also received compensations for an accident which occurred in 1886, of which appellant had no knowledge whatever; and there is no principle upon which it can be held that a waiver of compensation for one particular accident, of which the appellant had knowledge, was also a waiver of the fact of prior compensations for accidents of which appellant had no knowledge. Appellant might well have overlooked the circumstance that respondent had been once before injured, and had received compensation for an accident, while the fact that on other occasions, or even upon one other occasion, he had received compensations for accidents upon one or more other policies might have been considered by the appellant as a very material objection to him as an applicant for insurance. Moreover, the statement was a warranty, and the objection of immateriality cannot be urged against a warranty, unless in very exceptional instances; and, although a warranty may be waived, there was no waiver in the case at bar except as to the compensations received in 1892. The judgment and order denying a new trial are reversed and the cause remanded for a new trial.