[S. F. No. 857. In Bank.—July 12, 1899.]

## G. K. BAYLEY, Respondent, v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Appellant.

INSURANCE—FALSE STATEMENT IN APPLICATION—KNOWLEDGE OF FACTS—WAIVER.—An insurance company issuing a policy with knowledge that statements made in the application are false, waives the right to object thereto.

ID.—APPLICATION FOR ACCIDENT INSURANCE—OMISSION BY AGENT OF KNOWN FACTS—PREVIOUS COMPENSATION.—Where an apparently false statement, made in an application for a policy of accident insurance, that the applicant had "never received compensation for any accident except as hereinafter stated," was caused by the omission of the agent who drew it, to state the "names of companies or associations, with amount of compensation," provided for in the form of application, and where the agent omitted to request a statement thereof from the applicant, and the facts that he had received previous indemnity for accidents from the same and other companies were known to

the officers of the company, at the time of the application, objection to the falsity of the statement is waived, and it can not vitiate the policy.

ID.—UNKNOWN PAYMENT BY COMPANY KNOWN TO HAVE PAID INDEMNITY.—Where the officers of the insuring company knew that a previous large payment of indemnity for an accident had been made to the applicant by another company, the fact that another prior and smaller payment made to him by the same company was unknown to them, cannot affect their waiver of a true statement not requested of the applicant, as to the amount of compensation previously received.

ID.—WAIVER OF COMMUNICATION.—Neither party to a contract of insurance is bound to communicate information of matters of which the other waives communication, except in answer to inquiries.

ID.—CONSTRUCTION OF APPLICATION AND POLICY—"COMPENSATION" —"INDEMNITY."—The term "compensation," used in an application for an accident policy, requiring a statement of the amount of "compensation" previously received for accidents, is not to be construed in a popular sense, as including "indemnity," where the application and policy used the word "indemnity" with exclusive reference to weekly payments, to be made as indemnity during total disability to prosecute business, as the result of an accident, and never with reference to payments to be made for loss of life, limb, or eye.

ID.—CONSTRUCTION AGAINST INSURER.—Where the language of an application and policy, or of a policy, may be understood in more senses than one, it is to be construed most strongly against the insurer and in favor of the insured.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.   A. A. Sanderson, Judge.

The facts are stated in the opinion of the court.

Van Ness & Redman, for Appellant.

The knowledge of defendant's agents, in respect to the truth or falsity of the statements made in the application, is immaterial.   These statements were warranties (Civ. Code, secs. 2605, 2607, 2612), and, if untrue, there can be no recovery on the policy.   (*Barteau v. Phoenix Mut. Life Ins. Co.,* 67 N. Y. 595; *Foot v. Aetna Life Ins. Co.,* 61 N. Y. 571; *Clemans v. Supreme Assembly etc.,* 131 N. Y. 485; *Jennings v. Chenango etc. Ins. Co.,* 2 Denio, 75.)   There is no waiver of an untrue statement in regard to any fact not known to the insurance company.

(*Mutual Life Ins. Co. v. Nichols* (Tex. Civ. App., Jan. 17, 1894), 24 S. W. Rep. 910.) Contracts of insurance are to be construed according to the obvious meaning of their plain terms. (*McGlother v. Provident Mut. Acc. Co.,* 89 Fed. Rep. 685, 689.)

Chickering, Thomas & Gregory, for Respondents.

The application and policy having been prepared by the insurance company, should be construed most strongly against it. (Civ. Code, sec. 1654; *National Bank v. Union Ins. Co.,* 88 Cal. 497, 504; 22 Am. St. Rep. 324; *Rankin v. Amazon Ins. Co.,* 89 Cal. 203; 23 Am. St. Rep. 460; *Northey v. Bankers' Life Assn.,* 110 Cal. 547; *Dilleber v. Home Life Ins. Co.,* 69 N. Y. 256; *Burkhard v. Travelers' Ins. Co.,* 102 Pa. St. 262; 48 Am. Rep. 205; *Darrow v. Family Fund Soc.,* 116 N. Y. 537; 15 Am. St. Rep. 430; *Merrick v. Germania Fire Ins. Co.,* 54 Pa. St. 277; *Moulor v. Insurance Co.,* 111 U. S. 335.) Under this principle of construction compensation ought not to be construed as including "weekly indemnity." (7 Am. Law Rev. 587.) The meaning of those words in the contract is a question of law for the court. (*Thurston v. Burnett etc. Ins. Co.,* 98 Wis. 476.) A party to a contract of insurance is not bound to communicate information except in answer to inquiries, as to what the other party knows, or may be supposed to know, or of which he waives communication. (Civ. Code, sec. 2564.) Where the agents of the company had knowledge of the facts, an untrue statement is waived by the issuance of the policy. (*Dilleber v. Home Life Ins. Co., supra; Forward v. Continental Ins. Co.,* 142 N. Y. 382; *Wood v. American Fire Ins. Co.,* 149 N. Y. 382; 52 Am. St. Rep. 733; *Dayton Ins. Co. v. Kelly,* 24 Ohio St. 345, 367; 15 Am. Rep. 612; *Waterbury v. Dakota etc. Ins. Co.,* 6 Dak. Ter. 468; *Van Schoick v. Niagara Fire Ins. Co.,* 68 N. Y. 434; *Dwelling-House Ins. Co. v. Brodie,* 52 Ark. 11; *Kruger v. Western etc. Ins. Co.,* 72 Cal. 91; 1 Am. St. Rep. 42; *Menk v. Home Ins. Co.,* 76 Cal. 53; 9 Am. St. Rep. 158; *Farnum v. Phoenix Ins. Co.,* 83 Cal. 246; 17 Am. St. Rep. 233.) The agent, in filling out the application, was the agent of the company, and not of the insured, and the company is bound by his action, omission, or mistake. (Joyce on Insurance, secs. 472, 487; *Russell v. Detroit Fire Ins. Co.,* 80 Mich. 407; *Union etc. Ins. Co. v.*

*Wilkinson,* 13 Wall. 222; *Davis v. Scottish Union,* 16 U. C. 176; *Dunbar v. Phoenix Ins. Co.,* 72 Wis. 492; *Whitney v. National Masonic Acc. Assn.,* 57 Minn. 472; *Phoenix Ins. Co. v. Raddin,* 120 U. S. 193; *Dilleber v. Home Life Ins. Co., supra.*) The form of statement in the blank application is in the nature of a question; and does not become an untrue statement by being left unanswered. (*Brown v. Greenfield etc. Assn.,* 172 Mass. 498.)

VAN DYKE, J.—This is an action on a policy of accident insurance. The case was tried with a jury in the court below, and the verdict and judgment went for the plaintiff. The appeal is taken from the judgment and order denying a new trial. The assured, George B. Bayley, was killed by an accident, and the plaintiff, his widow, is the person in whose favor the policy ran.

There are two questions presented by the appellant: 1. That the assured represented, in his written application for the policy, that he had never proposed and been declined insurance by an accident insurance company, and that this was not true; 2. That he represented in said application that he had never received compensation for any accident, whereas he had in November, 1892, and also in the year 1886, received compensation on account of injuries he had sustained by previous accidents.

The first defense is eliminated from consideration here by the fact that the verdict of the jury was against the defendant, and the evidence bearing upon that defense was materially conflicting, and hence the verdict cannot be disturbed.

As to the second defense: In the application the fifteenth statement is as follows: "I have never received compensation for any accident except as herein stated (names of companies or associations, with amount of compensation)"; and there was no statement as to any compensation being received. It was shown, however, that the deceased had been paid for an accident in 1892, and also in 1886. But at the time of the application for the policy in question the defendant company and its officers knew that the assured, Bayley, had received payments in 1892, not only from its own company, but from three others. Mr. Okell, the general manager of the defendant on this coast,

testified: "I understood that other payments had been made to him.   Q.   Did you ever notify the company or any of the officials of your company, outside of your own agency here in San Francisco, that such payments had been made?   A.   No, it was not necessary"; and he further testified: "I knew in November, 1892, that Bayley had been paid by other companies weekly indemnity claims under accident policies held by him.   I knew that other companies had paid him, but I did not remember the names of the companies. . . . . I knew Mr. Bayley in his lifetime.   I had a conversation with him at or about the time that the policy issued in this case was applied for, in regard to the issuance of it.   He came into my private office, and asked me if I would be willing to issue a twenty thousand dollar policy to him, and, knowing no reason why I should not, I said I would.   I should think it was a few days before the issuance of the policy."

Mr. Thompson, the clerk and cashier of the general manager here, was asked: "I will ask you why it is that, if as cashier of the company at that time you knew that Bayley had received compensation from the Employers' Liability Company, you did not change or correct the statement 'I have never received compensation for any accident except as herein stated?'   A.   Seeing the loss had been paid by our own company, and the new application written in the same, there was no necessity of making that note on it as to the payment of our own loss."

In *Menk v. Home Ins. Co.*, 76 Cal. 53, 9 Am. St. Rep. 158, in the opinion in Bank it is said: "If the agent, knowing all the essential facts, made out the application for plaintiff, the company cannot take advantage of defective statements contained in it as not complying with the requirements of the company; nor would misstatements be fatal to the claim of plaintiff which the agent well knew to be false when he made out the application, received the money of the applicant, and issued the policy.   The tendency of the decisions is plainly to hold all those conditions waived which to the knowledge of the agent would make the policy void as soon as delivered.   Otherwise, the company would knowingly receive the money of the applicant without value returned, and the whole transaction would be a palpable fraud."   (*Kruger v. Western Fire etc. Ins. Co.*, 72 Cal. 91; 1 Am. St. Rep. 42.)

In Bacon on Benefit Societies, volume 2, paragraph 427, it is said: "And if when the insurance company issues a policy it knows that certain answers in the application are falsely answered, it waives the right to object by such issue"; and the text is fully sustained by authorities.

But it is contended that, although the company may be deemed to have waived any mention of the payments made in 1892, of which it had knowledge, still it was necessary for Bayley to insert the payment made to the Travelers' Company in 1886. It will be seen from the form of the application, dates and different times compensation had been made were not required; only "names of companies or associations, with amount of compensation." But the defendant already knew that the Travelers' Company had paid Bayley, and therefore it was not necessary to again mention that company; and, as the dates of payment were not required, it would have been a literal compliance with the form to have added the small amount received in 1886 to the much larger sum paid in 1892, which latter, as already shown, was waived.

The weekly indemnities paid for loss of over nine weeks' time in 1892 were in consequence of severe injuries received by Bayley while descending from the summit of Mt. Tacoma or Rainier. The companies, other than the defendant, paying weekly indemnities for such loss of time, were the Pacific Mutual, Travelers, and Pacific Surety Company. Mr. Okell, general agent of defendant, having knowledge of these facts, says he knew of no reason why he should not insure Bayley for twenty thousand dollars. Bayley, it seems, had a personal interview with the general agent, and talked matters over with him about issuing the policy, and the company's clerk, Thompson, prepared the application, filling out the blanks, but omitting entirely any mention of prior payments or compensation, although he was well aware such had been made.

It is, therefore, reasonable to suppose Bayley considered the fifteenth paragraph as waived. Neither party to a contract of insurance is bound to communicate information of matters of which the other waives communication, except in answer to inquiries. (Civ. Code, sec. 2564.) This case is distinguishable from *Mutual Life Ins. Co. v. Nichols* (Tex. Civ. App., Jan. 17,

1894), 24 S. W. Rep. 910, relied upon by the appellant. In that case the insured, in response to a question, answered "none other," which was incorrect. In this case there was no answer or response, and the reason why there was none is apparent.

The term "compensation" in the fifteenth subdivision of the application is, in this connection, in a measure ambiguous and uncertain as to its meaning. An inspection of the policy and application will show that when payment for loss of time is spoken of the word "indemnity" is used, and not used where payments are made for loss of life, limb, or eye. The policy pays for several different contingencies: 1. For death, the principal sum; 2. For the loss of two hands, two feet, one entire hand, or one entire foot, or permanent loss of sight of both eyes, principal sum; 3. For loss of one hand or one foot, one-half principal sum; 4. One hundred dollars per week so long as insured is wholly disabled from prosecuting any business pertaining to his occupation. In reference to the fourth payment the term "indemnity" is used entirely. Thus in the policy and indorsement thereon we find: "All sums paid as weekly indemnity . . . . shall by so much diminish the said principal in case of claim for said principal. . . . . If the insured is injured in any occupation or exposure classed by this corporation as more hazardous than herein given, his insurance and weekly indemnity shall be," et cetera. "No claim for weekly indemnity in excess of the money value of the insured time shall be valid. . . . . The total risk taken by this corporation is ——— dollars for loss of life and ——— dollars weekly indemnity."

And the application contains the following: "The amount of insurance against accidental death or permanent total disablement hereby applied for is twenty thousand dollars. The amount of insurance against permanent partial disablement hereby applied for is $10,000. The amount of weekly indemnity for total disabling injuries hereby applied for is $100.00." Further down in the application we find statements as follows: "I have no other accident insurance covering weekly indemnity except as herein stated" (names of companies or associations, and amount of weekly indemnity in each), and there is inserted "Aetna, $10,000." Then comes the subdivision under consideration, already quoted. It would appear from the foregoing

that the word "indemnity" and not "compensation" refers to weekly payments. There seems also to be a distinction in the proof of claim, whether it is for a weekly indemnity, or loss, as of life, or limb, or sight. Although compensation in the popular sense may be broad enough to include indemnity, still, if the terms are used by the parties entering into the contract in a special or technical sense, they are to be so understood. (Civ. Code, sec. 1644.) "Where the language of a policy may be understood in more senses than one, it is to be construed most strongly against the insurer, because he frames it and is supposed to make it as potent as possible in his own favor; but, where there is no imperfection or ambiguity in the language, it must be construed like any other contract, according to the intention of the parties." (*Rankin v. Amazon Ins. Co.*, 89 Cal. 203; 23 Am. St. Rep. 460.) "It is a general rule that when a stipulation or exception to a policy of insurance emanating from the insurer is capable of two meanings, the one is to be adopted which is the most favorable to the insured; and when underwriters have left their design doubtful by using obscure language, the construction to be adopted is the one most unfavorable to them." (*Merrick v. Germania Ins. Co.*, 54 Pa. St. 277.) "It (the policy of an accident company) insures either indemnity for injury by payment of a special weekly allowance during the time the insured is disabled by the injury, or compensation for death by payment of a fixed sum if the insured dies in consequence of the accident. These two forms of insurance are used separately, or in a joint policy covering both indemnity and compensation." (7 Am. Law Rev. 587.)

The defense urged in this case is purely technical, and does not go to the merits.

The judgment and order denying a new trial are affirmed.

Harrison, J., Garoutte, J., McFarland, J., and Henshaw, J., concurred.

Rehearing denied.