## Supreme Council Catholic Knights and Ladies of America v. David Beggs et al.

1. INSURANCE—*When Statements Made in Application Are Not Warranties.*—Statements made in an application for insurance, which application is not made a part of the policy by reference or otherwise, are not warranties.

2. SAME—*Representation Defined.*—A representation is a verbal or written statement, made by the assured to the underwriter, before the subscription of the policy, as to the existence of some fact, or state of facts, tending to induce the underwriter more readily to assume the risk, by diminishing the estimate he would otherwise form of it.

3. SAME—*Effect of a Want of Truth in a Representation.*—A want of

140    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Sup. Council Cath. Knights & Ladies of America v. Beggs.

truth in a representation is fatal, or not, to the insurance, as it happens to be material or immaterial to the risk undertaken.

4. SAME—*Representation Need Only be Substantially Complied With.*—A representation need only be substantially complied with, and in particulars material to the risk; though if the representation is fraudulent, it will avoid the contract even where it relates to a matter not material to the risk.

5. FRAUD—*Concurrent Jurisdiction of Law and Equity.*—Courts of equity and courts of law, in general, have a concurrent jurisdiction to suppress and relieve against fraud.

6. SAME—*Vitiates a Contract Ab Initio.*—Fraud avoids a contract *ab initio*, both at law and in equity, whether the object be to deceive the public or third persons, or one party endeavors thereby to cheat the other; for the law will not sanction, dishonest views and practices, by enabling an individual to acquire, through the medium of his deception, any right or interest.

7. SAME—*Written Instrument May be Defeated by Extrinsic Evidence on Ground of.*—A written instrument may be impeached by extrinsic evidence on the ground of fraud, even in the case of a record.

8. SAME—*Fraud in Subject-Matter of Plaintiff's Claim is Fatal to His Title.*—Fraud practiced by the party seeking the remedy, upon him against whom it is sought, and in that which is the subject-matter of the action or claim, is fatal to his title.

9. SAME—*In Written Instrument, May be Proved by Parol.*—Fraud in a written instrument may be proved by parol evidence, or any circumstances, however contrary to the apparent facts or statements in the written instrument.

10. MUTUAL BENEFIT SOCIETIES—*Constitution a Part of Policy of Insurance.*—The constitution of a mutual benefit society is a part of its policy of insurance.

**Assumpsit,** on a benefit certificate of insurance. Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in this court at the October term, 1902. Reversed and remanded. Opinion filed October 26, 1903.

**Statement.**—This is an appeal from a judgment in favor of appellees and against appellant for the sum of $2,376. The suit was brought on the following certificate :

" No. of Certificate 4068.                    Assessments $1.40.

SUPREME COUNCIL CATHOLIC KNIGHTS AND LADIES OF
AMERICA.
Incorporated.

[75 SEAL.]       CERTIFICATE OF MEMBERSHIP.

This is to certify that Mrs. Catherine Beggs, of Branch No. 75, located at Chicago, Ill., is a full rate member of the

Supreme Council Catholic Knights and Ladies of America, and, in case of the death of the member, said Supreme Council agrees to pay all benefits arising from said membership, to her son David Beggs, $1,000; son Thomas J. Beggs, $300; daughter Elizabeth Furey, $400; daughter Isabella Brown, $300; or in this proportion.

In testimony whereof witness the seal of the Supreme Council and the signatures of its Supreme Secretary, this 20th day of January, 1897, at Louisville, Ky. ·

[SEAL.]     T. F. HENLEY, S. S.

We hereby certify that the above named member was duly initiated by Branch No. 75 at the regular meeting held on February 3, 1897.

MRS. AMANDA M. HALTON,
President.
MRS. E. A. RIORDAN,
Rec. Secy."

Catherine Beggs died August 12, 1897.

Appellant pleaded the general issue and a number of special pleas. The appellees filed replications to the special pleas. The defense relied on, and which is pleaded and put in issue is, in substance, that Catherine Beggs obtained the certificate of membership by false and fraudulent misrepresentations; that in her application for membership in the appellant society she knowingly, willfully and falsely stated that she was forty-eight years of age and born in the year 1849; that in fact, she was, at the time of signing said application, more than fifty years of age; that section 72 of appellant's constitution excludes from membership all persons above the age of fifty years, and that said Catherine secured her membership by false and fraudulent statements in her said application, and that said certificate of membership would not have been issued by appellant, had it not been imposed on and deceived by said false and fraudulent statements. Section· 72 of appellant's constitution purports to be set out in full in appellant's fourth special plea, and is as follows :

" Section 72. No person shall be admitted to membership in this branch unless a practical Catholic, of good moral character, and not a member of any organization condemned by the church, sound in bodily health, free from

142    APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Sup. Council Cath. Knights & Ladies of America v. Beggs.

all infirmities or disease, between the ages of eighteen and fifty years. The laws of the diocese in which members reside shall govern the question of his practical Catholicity."

The plea also sets out the rates of assessments for different ages of the members, showing the rate of assessment at the age of forty-eight years to be $1.40 per month, and the assessment at the age of forty-four years to be $1.50 per month. The plea also sets out the application, which is as follows:

"APPLICATION FOR MEMBERSHIP.

To THE OFFICERS AND MEMBERS OF ST. PATRICK'S BRANCH No. 75, C. K. & L. of A.:

Having read the constitution and laws of your order, and subordinate constitution and your by-laws, being fully acquainted with the objects of your order, and fully indorsing them, I desire to become a member of your branch and your order. If declared eligible to membership and admitted upon examination, I do promise faithfully to carry out the principles as set forth in the constitution of your order, your subordinate constitution and by-laws, and upon failure upon my part to strictly conform to the constitution and subordinate constitution and by-laws that now, or may hereafter, govern the order as well as your branch, I do hereby agree to forfeit all right to membership and benefits; and furthermore, do pledge (under pain of forfeiture of all rights of membership and benefits) that the following statements are true:

Name in full: Mrs. Catherine Beggs.
Place of birth: Born in Ireland, county of Mayo.
Age at nearest birthday, 48 years.
Date of birth, year 1849, month, 5th day of May.

I do hereby declare that I, who have proposed for membership in Branch......, C. K. & L. of A., am now in good health, and that I ordinarily enjoy good health, and that in the above I have not withheld any material information or circumstance. And I hereby agree that the statements and representations contained in the foregoing application for membership, and the foregoing statements made by and for me, and also in the medical examination, shall be the basis of my membership in the said C. K. & L. of A., the truthfulness of all which I warrant, and that if the same or any part of them are in any material respect untrue, or if there shall be any omission, or neglect, to pay any of the assess-

ments, fines or dues, on or before the days on which the same shall fall due, that then, in either event, the certificate of membership which may be issued hereon shall be void, and all money which may have been paid on account of such membership shall be forfeited to the Supreme Council, C. K. & L. of A.   I further agree that under no circumstances shall the certificate of membership hereby applied for be in force until the actual payment to, and acceptance of, the premium by Branch No......, as agent for the Supreme Council, C. K. & L. of A., nor until said benefit certificate has been delivered to me at a regular meeting of said branch, during lifetime and good health.   I further agree, if accepted, to abide by the rules and regulations of this order.

Dated at Chicago, Ill., this 13th day of January, 1897.

MRS. CATHERINE BEGGS,

1038 W. Taylor Street.

I hereby certify that I have read the above questions before signing, and that they have been correctly written as given by me.   I warrant that they are full, complete and true, and that no statement has been made to, or by, the medical examiner, or any representative of the society, contrary to or modifying any of them as written.   I am the person who made and signed the application for membership, in Branch No......, C. K. & L. of A., which is attached to this report.

Signed this 13th day of January, 1897.

CATHERINE BEGGS."

Appellees put in evidence the certificate of membership, proved the delivery thereof to Catherine Beggs, the death of Catherine, August 12, 1897, and that she paid her assessments, at the rate of $1.40 per month, up to and including August, 1897, and rested.

Appellant then called Elizabeth Riordan, who testified that the signature to the application for membership, signed " Mrs. Catherine Beggs," was Mrs. Beggs' signature.   Appellant's attorney then offered the application in evidence, but the court excluded it.   The witness then testified that a book shown to her was " A constitution of the Supreme Council Catholic Knights and Ladies of America, the reserve fund law, the constitution of subordinate branches, and the sick benefit laws."   Appellant then offered the

144 APPELLATE COURTS OF ILLINOIS.

VOL. 110.] Sup. Council Cath. Knights & Ladies of America v. Beggs.

book in evidence, but the court, on general objection, not specifying reasons, of appellees' attorney, excluded it.

Mary Brown, a sister of appellees, was called by appellant and duly sworn, and appellant's attorney offered to prove by her, and also by Elizabeth Furey, one of the appellees, that Catherine Beggs was married in the year 1854 and had a child in 1856, and that her child and her first husband, Kelly, died, and that she married David Beggs in 1857, and further offered to prove by the witness Brown that she knew her mother's age, and that she was sixty years of age when she joined the appellant society. The court, on general objection, excluded the evidence. Appellant's attorney then offered to read certain depositions taken in the cause. The court, on general objection by appellees' attorney, excluded all the depositions, and instructed the jury peremptorily to find the issues for the plaintiffs and to assess the plaintiffs' damages at the sum of $2,376.

OSCAR E. LEINEN, attorney for appellant.

JAMES McCARTNEY, attorney for appellees.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

The evidence offered by the appellant, which was excluded by the court, tended strongly to prove the defense of appellant that Catherine Beggs, in her application for membership, willfully and falsely misstated her age to be forty-eight years, when in fact her age was much in excess of forty-eight years. It is not contended by appellees' counsel that the excluded evidence did not tend to prove appellant's defense, as set up in its pleas. The contention is that no such defense is admissible at law. Counsel say in their printed agreement :

"The sole and only issue in the case, below and here, is, was the appellant's defense properly interposed at law, or was its only remedy in equity. This was the only question then, and is the only question now."

What the issues in a cause are is solely determinable by

reference to the pleadings in the cause, and no such issue as stated by appellees' counsel is raised by the pleadings. If the defense set up in appellant's pleadings could not be availed of in a court of law, appellees' counsel should have demurred; but they replied issuably, traversing the pleas, thereby impliedly admitting that the matters averred in them constitute a good defense to the action.

Appellees' counsel further say :

" If such an application was made by Catherine Beggs it was in the nature of a proposition for the contract, an inducement to issue the same, or as a memorandum of previous negotiations between the parties concerning the contract, and was, therefore, collateral to the contract itself, and could not be proven in an action at law. And the trial court sustained the objection, holding that the beneficiaries took the contract free and clear of any conditions not expressed in the contract itself, and that if the contract was obtained by fraud or misrepresentation, other than in the execution of the instrument itself, the only remedy was in a court of equity."

The proposition of appellees' counsel is, in substance, that if one obtains a certificate of membership in a benefit society, contrary to its constitution and by-laws, by means of willful false statements in regard to a material matter, this can not be set up as a defense to an action at law on the certificate, unless the application containing the alleged false statements is, by reference or otherwise, made a part of the certificate. We are inclined to think that appellees' counsel have failed to distinguish between warranties, which form a part of a contract of insurance or beneficiary certificate, and representations made by the applicant for insurance, or certificate of membership, as the case may be. In Commonwealth Ins. Co. v. Monninger, 18 Ind. 352, cited by appellees' counsel, the insurance company relied on certain statements in the application for insurance as warranties, which application was not made a part of the policy by reference or otherwise. The court held that the statements were not warranties, and say :

" Viewing the conditions and application with reference

146    APPELLATE COURTS OF ILLINOIS.

Vol. 110.] Sup. Council Cath. Knights & Ladies of America v. Beggs

to the law of insurance, we are of opinion the statements made should be regarded as representations; the technical sense of which, in that respect, as distinguished from warranty, is well defined to be, 'a verbal or written statement, made by the assured to the underwriter before the subscription of the policy, as to the existence of some fact, or state of facts, tending to induce the underwriter more readily to assume the risk, by diminishing the estimate he would otherwise form of it.' Arn. on Ins. 489. It is a part of the preliminary proceedings which propose the contract; and a warranty is a part of the contract, as it has been completed. Ang. on F. & L. Ins. 178. A want of truth in the representation is fatal, or not, to the insurance, as it happens to be material or immaterial to the risk undertaken. (Id.)"

The definition of representations given by the Indiana court is substantially the same as that given by other courts. 1 Bacon on Benefit Societies (2d Ed.), Sec. 206. The court in the case cited further say:

"If the facts, as disclosed in the evidence, showed, as indicated by the findings of the jury, that the untrue statements made by the plaintiff did not induce the defendant to take the risk, and the defendant was not deceived as to the same, then they were not material in determining the question whether said risk should be taken by the defendant, or the estimate of defendant in reference thereto."

This language impliedly indicates the opinion of the court, that if the evidence and the findings of the jury had been that the untrue statements induced the defendant to take the risk, and deceived the defendant, then they were material and a good defense. In Ruse v. Mut. Benefit L. Ins. Co., 23 N. Y. 516, the question was whether a prospectus distributed by the company was a part of the contract of insurance, and the court held that it was not, and did not bind the company. But the court, in its opinion, (Ib. 520), say:

"A representation to the assured, if false, avoids the policy."

Citizens' Ins. Co. v. Hoffman, 128 Ind. 370, merely holds that statements in the application not incorporated in or referred to by the policy are not deemed warranties, and

cites with approval the definition of representation, as distinguished from warranty, in Ins. Co. v. Monninger, *supra.*

Bliss on Life Insurance, an author relied on by appellees' counsel, says (3d Ed., Sec. 40):

" A representation, however, need only be substantially complied with, and in particulars material to the risk; though if the misrepresentation is fraudulent, it will avoid the contract even where it relates to a matter not material to the risk; that is to say, if the representation is made with intent to deceive, or is shown to have been false within the knowledge of the assured, it makes no difference whether it is as to a material circumstance."

Kerr on Frauds, cited by appellees' counsel, p. 44, says:

" Courts of equity and courts of law have, in general, a concurrent jurisdiction to suppress and relieve against fraud," and the text is fully sustained by decisions of the Supreme Court of this state.

In Whitney v. Roberts, 22 Ill. 381, 384, the court quote with approval the following from Chitty on Contracts :

"Fraud avoids a contract *ab initio*, both at law and in equity, whether the object be to deceive the public, or third persons, or one party endeavors thereby to cheat the other. For the law will not sanction dishonest views and practices by enabling an individual to acquire, through the medium of his deception, any right or interest."

In Jamison v. Beaubien, 3 Scam. 113, the court say :

"Fraud, it is said, vitiates all acts, as between the parties to it; nor can there be a doubt that fraud is cognizable in a court of law, as well as equity. It is an admitted principle that a court of law has concurrent jurisdiction with a court of equity in cases of fraud." See, also, Kirkpatrick v. Clark, 132 Ill. 342, 249–50, citing with approval Jamison v. Beaubien, *supra*, 3 Blackstone's Com., Cooley's Ed., Sec. 430, parag. 3, and Bouvier's Law Dictionary, Fraud, parag. 9.

But the extraordinary position is assumed that because the application is not, by reference in the certificate, or otherwise, made a part of the certificate, the application can not be put in evidence to show that the alleged false and fraudulent statements were made. Stated in the abstract, the contention

148    Appellate Courts of Illinois.

Vol. 110.] Sup. Council Cath. Knights & Ladies of America v. Beggs.

is that if a party to a written contract seeks the benefit of it by an action at law to enforce it, no evidence extrinsic to the contract is admissible that he, the plaintiff, by fraud and deceit, induced the defendant to enter into the contract. This would practically oust the law courts of jurisdiction to inquire whether written contracts were induced and obtained by fraud, because the fraud rarely, if ever, appears on the face of the instrument. Appellees contend that, if the issuing of the certificate was induced by false and fraudulent statements, as alleged in appellant's pleas, appellant must seek relief in equity by bill to have the certificate of membership set aside. Were appellant so to do, there can be no doubt that the equity court would admit in evidence and consider the application. But, as has been shown, courts of law and courts of equity have concurrent jurisdiction in cases of fraud, and the rules of evidence are the same in both courts. There is a material distinction between cases in which the defense is a breach of warranty by the assured, and cases in which the defense is that the contract was induced by the false and fraudulent representations of the assured. In the former class of cases the warranty must, in order to make the defense available, be a part of the contract, because the defense is that the assured has broken his contract of warranty (Commonwealth Ins. Co. v. Monninger, *supra*), while in the latter class of cases the defense is not that the assured has broken his contract, but that he, by false and fraudulent statements, induced the insurer to enter into the contract. Instances are not rare in which it has been held by courts of law that fraud may be proved *dehors* the instrument relied upon by a party. Jamison v. Beaubien, *supra*, was ejectment by Beaubien, and he relied on a certificate of purchase and sale by pre-emption. The defendant offered, in the trial court, to prove that the certificate was obtained by fraud and collusion between Beaubien and the land officers who granted the certificate. The trial court excluded the evidence, but the Supreme Court held this error, saying :

" The evidence offered went directly to the validity of the

certificate of pre-emption purchase. If it had its inception in fraud, it was certainly competent for the defendant to show the fact; and if the officers granting it were parties to the fraudulent act, it was' no doubt void, and might be impeached in an inquiry in which the pre-emptor was a party." See, also, Whitney v. Roberts, *supra.*

Greenleaf, discussing the rule excluding parol contemporaneous evidence, writes :

" It is in the next place to be noted that the rule is not infringed by the admission of parol evidence showing that the instrument is altogether void, or that it never had any legal existence or binding force, either by reason of fraud, or for want of execution and delivery, or for the illegality of the subject-matter.  *  *  *  Fraud, practiced by the party seeking the remedy, upon him against whom it is sought, and in that which is the subject-matter of the action or claim, is universally held fatal to his title." 1 Greenleaf on Ev., 13th Ed., Sec. 284.  *  *  *  "As a written instrument in general derives its authenticity from the aid of external evidence, it may in like manner be defeated. Thus a written instrument may be impeached by extrinsic evidence, on the ground of fraud, even in the case of a record." 2 Starkie on Ev., 7th Am. Ed., Sec. 765.

" The fraud may be proved by parol evidence or any circumstances, however contrary to 'the apparent facts or statements in the written instrument." 2 Saunders on Pl. & Pr., 5th Am. Ed., Sec. 66.

We do not regard Papke v. Hammond Co., 192 Ill. 631, relied on by appellees' counsel, as applicable to such cases as the present one.

The constitution of appellant is a part of the contract. Niblack on Benefit Societies, Sec. 136. The evidence offered by the appellant tended to prove appellant's defense, and the court erred in sustaining the general objections to the offered evidence and excluding the evidence, and in instructing the jury to find the issues for the appellees. Therefore the judgment will be reversed and the cause remanded.