## Mary J. Lewis, Appellee, v. Royal League, Appellant.

1. INSURANCE, § 913*—*when judgment on benefit certificate reversed for falsity of statements in application.* A judgment upon a benefit certificate was reversed with a finding of facts, where the answers, even if representations only and not warranties, made by the insured in his application and the medical examiner's blank, as to the cause of the death of his brother and sister, and as to whether any of his near relations had ever been afflicted with consumption, were false and were material to the risk.

2. INSURANCE, § 752*—*when falsity of representations avoids policy in benefit association.* Falsity of representations material to the risk, made by an applicant for insurance in a benefit association, will avoid the policy.

Appeal from the City Court of Granite City; the Hon. M. R. SULLIVAN, Judge, presiding. Heard in this court at the March term, 1919. Reversed with finding of facts. Opinion filed November 7, 1919.

BUSBY, WEBER, MILLER & DONOVAN, ARTHUR A. ANDERSON and T. A. O'CONNOR, for appellant.

E. L. MAHER, for appellee.

MR. PRESIDING JUSTICE HIGBEE delivered the opinion of the court.

Appellee, Mary J. Lewis, brought suit in the City Court of Granite City against appellant, Royal League, on a benefit certificate issued to George Lewis, son of appellee, payable to her as beneficiary. The case was tried before the court without a jury on the declaration and plea of general issue with a stipulation that any defense could be made under the general issue which would be admissible under appropriate special pleas.

The record shows that on December 20, 1915, George Lewis made application in writing to appellant, a

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fraternal beneficiary society organized under the laws of Illinois, for membership and insurance. In his application and the medical examiner's blank he expressly warranted the truthfulness of all statements and answers made by him to the medical examiner and agreed that any untrue answer should forfeit all rights of himself and his beneficiary in any benefit certificate which might be issued to him. He was asked to state in his medical examination whether any of his brothers or sisters were dead, and if so to give the cause of death, duration of sickness and year of death. He answered that one brother died of anæmic malaria in the year 1914 and one sister died of malaria in 1912. He was also asked whether any of his near relatives had ever been afflicted with consumption, and answered "No." On December 30, 1915, the certificate sued on was issued to him. This certificate recites that it is issued upon the express understanding and agreement that the member's statements and answers of every kind or description contained in his application for membership and in his medical examination are guaranteed and warranted by the member to be true and correct in every particular, and are to be considered as warranties; also that the medical examination and application shall constitute a part of the contract between the society and member. Evidence that his sister and brother died of consumption in 1912 and 1914, respectively, is uncontradicted. Appellee, in her written proofs of the death of George Lewis furnished appellant, expressly so stated. Some evidence was introduced by appellee in rebuttal tending to show George Lewis was away from home during the illness of his brother and sister; that he did not know the cause of their deaths and that he afterwards made some effort to learn the cause of their deaths but was unable to do so. His sister died after an illnes of 14 to 18 months and his brother after an illness of 8 months. He came home more or less frequently dur-

ing the illness of each of them and attended the funerals of both. George Lewis himself commenced taking treatment in October, 1916, and died of consumption March 16, 1918. A judgment for $350 was rendered in favor of appellee.

Counsel for appellant contends: "1. That by the terms of his contract contained in his medical examination and benefit certificate, the statements and answers of George Lewis with reference to the causes of death of his brother and sister must be construed as warranties, and being untrue, appellee is not entitled to recover.

"2. Even if such statements and answers be held to be representations and not warranties, they are representations as to matters material to the risk, and being untrue, there can be no recovery.

"3. Whether construed as warranties or representations such statements and answers being as to matters material to the risk, and being untrue there can be no recovery whether George Lewis knew them to be untrue or not. He assumed to have knowledge and made positive statements and answers upon which appellant had a right to rely."

Under the proofs in the case the untruth of these statements and answers is clearly established.

Counsel for appellee contends that since appellant has not shown that George Lewis knew the statements and answers concerning the death of his brother and sister were untrue at the time he made them, and that they were made with the intention to defraud appellant, the judgment should be affirmed. If these statements and answers are simply representations as contradistinguished from warranties, in the technical sense of those terms, then such statements and answers, not material to the risk, as were honestly made, in the belief they were true would not be binding upon the assured or present any obstacle to a recovery. In that case the contention of counsel for appellee would

be sound. (*Continental Life Ins. Co. v. Rogers,* 119 Ill. 474.)

On the other hand, if such statements and answers are warranties their untruth would vitiate the contract whether made in good faith or not. A substantial breach of such a warranty, whether material to the risk or not, will defeat the policy. (*Harvick v. Modern Woodmen of America,* 158 Ill. App. 570.) Again it has been held "that a material misrepresentation, whether made intentionally and knowingly or through mistake and in good faith, will avoid the policy." (*Davis v. Catholic Order of Foresters,* 165 Ill. App. 137; *United States Fidelity & Guaranty Co. v. First Nat. Bank of Dundee,* 233 Ill. 475.) "A want of truth in the representation is fatal, or not, to the insurance, as it happens to be material or immaterial to the risk undertaken." (*Supreme Council v. Beggs,* 110 Ill. App. 139.) This court in the case of *Bloomington Mut. Life Benefit Ass'n v. Cummins,* 53 Ill. App. 530, said: "The disease with which parents, brothers and sisters of the applicant died are clearly material to the risk, as affecting the prospects of life of the applicant. If he assumes to know he must answer the truth. If he does not know he can so state. But when he does answer such direct inquiries in an unequivocable manner, the insurance company has a legal right to rely on them as being true." To the same effect is the case of *Kotek v. Court of Honor,* 152 Ill. App. 92.

In our opinion, it is unnecessary to determine whether or not these statements and answers are warranties, for the reason that, under the authorities last cited, they must be held to be at least representations material to the risk, and as we have seen the falsity of representations material to the risk will avoid the policy. Therefore, since the falsity of these statements and answers is clearly established by the proofs,

the certificate became void, appellee cannot recover and the judgment will be reversed.

*Reversed with finding of facts.*

Finding of facts to be incorporated in the judgment. We find that the answers made by George Lewis in his application and the medical examiner's blank as to the cause of death of his brother and sister, and as to whether any of his near relatives had ever been afflicted with consumption, were false and that they were material to the risk.