# Southern Mutual Aid Association v. Watson.

## Assumpsit.

### (Decided Feb. 4, 1908.  45 South. 649.)

*Insurance; Dues; Contract to Repay; Ultra Vires.*—One dealing with a corporation is bound to take notice of its charter powers, and the provisions to return the dues paid, less sick benefits being ultra vires the corporation, was a mistake of law, and therefore, not a fraud; and the contract providing for sick benefits and the return of the premium, less sick benefits, being an indivisible contract, the insurance feature was a sufficient consideration therefor, and plaintiff was not entitled to recover as for money had and received from her the dues paid on such sick benefit insurance, and contract providing for return of premium, less sick benefit, if the policy was kept in force ten years.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Sallie Watson, by next friend, against the Southern Mutual Aid Association.  From a judgment for plaintiff, defendant appeals.  Reversed and rendered.

The action was on the common counts for money had and received and two counts setting up a special contract as follows: "Provided this certificate is in force at the expiration of 10 years from the date hereof, the Southern Mutual Aid Association hereby agrees, on surrender of the same, to return the amount of dues paid to the association, less the amount (if any) the person herein insured may have drawn in case of sickness during that time."  The defendant pleaded the general issue and two special pleas setting up that the contract relied on was ultra vires.  Demurrers were interposed to the special pleas, but were overruled in so far as they were answers to the counts on special contracts, but were sustained to them as answers to the counts for

money had and received; and upon the trial it was shown that no dividends had ever been declared or paid by the corporation, and that all of its funds had been used in paying claims of its members, commonly called "sick benefits," and in the payment of salaries for its officers and expenses. The articles of association were introduced also. It was further shown that plaintiff had paid into the association the amounts she had demanded, and had received no sick benefit, and that the 10-year period stipulated for had expired. On this showing the court rendered a judgment for plaintiff on the counts for money had and received, and from this judgment this appeal is prosecuted.

CALDWELL & CARMICHAEL, HILL, HILL & WHITING, and STEINER, CRUM & WEIL, for appellant. The question here presented is decided in so far as the special counts are concerned, and we think also, so far as the common counts are concerned, in the case of *Boyd v. Southern Mut. Aid Asso.*, 41 South. 164. The powers enumerated in the declaration are given by and only by section 1116 of the Code, and corporations have no powers other than those expressly given in their charters, or incidental to effectuate their object.—*Chewacla Lime Wks. v. Dismukes*, 87 Ala. 344; *Simmons v. Troy*, 91 Ala. 427; *Boyd's Case, supra.* It is of no consequence that defendant should return the consideration because it had agreed to do so for this very agreement was unauthorized and rendered the contract invalid.—16 A. & E. Ency. of Law, 1103. This is especially true, since every person insured was a member of the association and bound to take notice of its charters and by-laws.—*May v. Reserve Fund*, 13 N. Y. Supp. 56; *Ullman v. N. Y. Ligea* 104 N. Y. 421; *Knights of the Golden Rule v. Ainsworth*, 71 Ala. 437. The court's attention is ex-

[Southern Mutual Aid Association v. Watson.]

pressly directed to a note to the case of *Insurance Co.
v. Johnson,* 2 A. & E. Ann. Cases, p. 23.

Goodwyn & McIntyre, for appellee.   A corporation
cannot repudiate a contract on the face of which it ac-
quired property, and at the same time retain possession
of the property so acquired.—*Burgess v. Stock,* 2 J. &
H. 441; *Morrowitz Private Corp.,* (Vol. 2, sec. 715).
Cases of this character have frequently been before the
court, and the principal of law applicable to them has
been thoroughly established that an action lies for mon-
ey paid by mistake or upon a consideration which hap-
pens to fail, or for money got through imposition.—
*Moses v. McFarland,* 2 Burr. 1005; *La. v. Wood,* 102 U.
S. 294; *Pullman Car Co. v. Cent. Trans. Co.,* 139 U. S.
24; *Marsh v. Fulton County,* 10 Wall. 676.

DOWDELL, J.—There is but one question presented
on this appeal for our consideration, and that is wheth-
er or not, on the undisputed facts, the plaintiff was enti-
tled to recover on the common count for money had and
received.   The complaint contained, besides the common
money count, counts on special contract.   These latter
counts were eliminated on plea of ultra vires, and judg-
ment rendered by the trial court, from which judgment
the defendant appeals, and here assigns the same as er-
ror.

The money sought to be recovered was received by the
defendant from the plaintiff under the special contract
declared on, which was held to be an ultra vires con-
tract; that is, as to that provision in the contract which
promised to pay back to the plaintiff at the end of 10
years in the manner and under the conditions stipulated
in the contract.   The consideration expressed in the con-
tract, on which the money was paid, is of that class

which in law is termed "indivisible." It is not questioned that the insurance feature of the contract, as to sick benefits, etc., was within the chartered powers of the defendant association, and so far was a valid contract. There was no fraud or imposition practiced, and, if the money was paid under mistake, it was a mistake of law, and not of fact; a mistake of law in supposing that the association had the authority to repay to the plaintiff at the end of 10 years all money paid to it, less the amounts paid in the meantime to the plaintiff in the way of benefits provided in the contract, when under its charter it had no such authority. The rule is well established that persons dealing with corporations are bound to take notice of its charter powers; and the rule is also settled that, in the absence of fraud, money voluntarily paid under ignorance of law cannot be recovered back—the only exception, it seems, being that, where there is a want or total failure of consideration, it is then immaterial whether the mistake be one of fact or of law.—15 Am. & Eng. Ency. Law (2d Ed.) pp. 1102, 1103.

Here there was neither fraud nor imposition. The money was paid with a full knowledge of all the facts, and, as we have said, if there was any mistake, it was one of law, and not of fact. Nor was there a want or total failure of consideration. It is not denied that for the term of 10 years the plaintiff was, in case of sickness, entitled to sick benefits stipulated for in the contract on which the money was paid. This was a consideration sufficient to support the contract, and it is of no importance that the plaintiff as a matter of fact was never sick during the period, and consequently received no money under that provision of the contract. Our conclusion is that the trial court erred in rendering judgment for the plaintiff; and, as the case was tried by

[Neff v. Williamson.]

the court without a jury, the judgment will be reversed, and one here rendered in favor of the defendant.

Reversed and rendered.

Tyson, C. J., and Anderson and McClellan, JJ., concur.