CHARLES F. McQUAIG AND JAMES L. GILES, *Plaintiffs in Error*, v. GULF NAVAL STORES COMPANY, A CORPORATION, *Defendant in Error*.

56   505
f60   211

1. A corporate entity has only such rights and powers as are conferred upon it by express or implied provisions of law.

2. When not prohibited by law corporations have the implied power to make contracts that are fairly within the scope of the purposes of their creation.

3. When a contract made by a private corporation is not forbidden by law and has some relation to the business the corporation is authorized to do, such contract may not be repudiated at pleasure to the injury of one who in good faith dealt with the corporation under circumstances indicating the authority of the corporation.

4. While those dealing with a private corporation are charged with some degree of care to ascertain the powers of the corporation with reference to the transaction, yet if the transaction has some fair relation to the matters within the corporate authority, the defense of *ultra vires* will not in general be available to afford injustice or imposition.

5. When a corporation having authority to do a general commission and mercantile business, to own, lease and operate turpentine farms, to lease and sublet and buy and sell timber for turpentine and milling purposes, and to buy and hold such real estate as may be necessary for or incidental to the authorized business, and an action is brought against the corporation for commissions for finding a purchaser for lands, and to a plea of *ultra vires* that the corporation did not have authority to make the contract and was not at any time seized and possessed

of the lands to which the contract of sale relates and had no interest directly or indirectly in the lands, a demurrer was filed, and a replication to the plea alleges that the defendant corporation claimed and represented itself to be the owner of the lands, employed plaintiffs and received the benefit thereof and sold or caused to be sold the identical lands through another for a greater profit, which replication is demurred to, the defense of *ultra vires* cannot avail the defendant.

This case was decided by Division A.

Writ of Error to the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the court.

*Jones & Jones,* for plaintiffs in error.

*Sparkman & Carter,* for defendant in error.

WHITFIELD, J.—The declaration in three special counts alleges that the defendant, the Gulf Naval Stores Company, a corporation, agreed to and with the plaintiffs, Charles F. McQuaig and James L. Giles, that if plaintiffs would make a sale of a certain acreage of land owned by the defendant, for $2.00 per acre, defendant would allow the plaintiffs 10 per cent commission for said sale and also any excess price over $2.00 per acre that plaintiff should obtain for the land; that plaintiffs afterwards made a sale of the lands to a purchaser for the sum of $2.25 per acre, and so informed defendant, yet defendant not regarding the agreement, refused to sell and make title to the lands to the purchaser and refused to pay plaintiffs the 10 per cent commission as aforesaid and the profit of twenty-five cents per acre as aforesaid for the

land for which a purchaser was procured to plaintiff's damage.

The declaration also contains three common counts.

To the three special counts the defendant pleaded that under and by virtue of its letters patent issued by the State of Florida, the only business the defendant is authorized to engage in is: "The general nature of the business to be transacted by the company is a commission and mercantile business; the receiving, storage, sale and shipment of naval stores for account of producers; the buying and selling of naval stores, wares and merchandise and all other articles of commerce and chattels of every kind and description on commission or otherwise; the owning, leasing and operating of turpentine farms; the leasing and subletting and buying and selling of timber for turpentine or milling purposes; the lending or advancing of money on real or personal property, or either, in connection with said business; the owning, chartering and operating of steam boats, tugs, barges, lighters and other vessels; the construction and operating of tramways; and the buying and holding of such real estate as may be necessary for or incident to their said business;" that neither at the time alleged in the declaration nor at any time was defendant seized and possessed of the lands mentioned in the declaration or any of them, nor did defendant have any interest directly or indirectly in said lands, wherefore said contract, if made, was *ultra vires* and void.

To the three common counts the defendant pleaded that the only cause of action which plaintiffs claim to have against the defendant is upon the alleged contract set out in the special counts as above given; that the only business defendant is authorized to engage in is (as set out in the foregoing plea); and that neither at the time alleged in the declaration nor at any time was defendant

seized and possessed of the lands mentioned nor any of them, nor did defendant have any interest directly or indirectly in said lands; wherefore said contract if made was *ultra vires* and void.    The pleas were demurred to.

The plaintiff filed the following replication to the pleas to the special counts: the contract set forth in plaintiff's declaration was a contract of employment of the plaintiffs by the defendant as its servants and employes to sell and dispose of certain lands mentioned in the declaration owned and controlled by the defendant corporation and so represented and claimed to be owned by the defendant; that said contract was a contract of employment and the services performed were performed by the plaintiffs as the servants and employes of the defendant; that at and before the time of the making of the said contract between the said plaintiffs and defendant corporation, by its officers and agents, represented to plaintiffs that defendant corporation owned and held deeds to the lands mentioned in plaintiffs' declaration, and that said defendant corporation did employ the plaintiffs in the contract set out in plaintiffs' declaration as their servants and employes, at a stipulated emolument, to sell for the benefit of defendant corporation the lands mentioned in the plaintiffs declaration and by virtue and authority of said contract, the plaintiffs did perform the services set forth in said declaration for the benefit of the said corporation; that said plaintiffs entered into said employment and performed said services in good faith, and plaintiffs further say that said defendant corporation has sold or caused to be sold the identical lands the subject of said contract through and by another servant and employe for a greater profit to itself than that mentioned in plaintiffs' declaration and paid said servant and employe for said service.    A similar replication to the plea to the common counts was interposed.    The rep-

lications were demurred to on the ground that: (1) they set up no defense to the pleas; (2) they seek to make the defendant corporation responsible indirectly for something that it is not responsible for directly: (3) a corporation is not responsible for the *ultra vires* acts of its agents and officers.

The court overruled the demurrers to the pleas and sustained the demurrers to the replications. As the plaintiffs did not desire to further plead, the cause was dismissed. On writ of error the only question is whether the contract upon which the action is brought is of such a nature that the defendant can successfully plead *ultra vires*.

A corporation entity has only such rights and powers as are conferred upon it by express or implied provisions of law.

The statute requires that "the general nature of the business or businesses to be transacted" shall be set forth in the letters patent creating the corporation.

The pleas aver that by its letters patent the defendant corporation is authorized to engage in such business as in its general nature is a commission and mercantile business; * * * the owning, leasing, having and operating of turpentine farms; the leasing and sub-letting and buying and selling of timber for turpentine and milling purposes; * * * and the buying and holding of such real estate as may be necessary for or incidental to the authorized business. The pleas further aver that the defendant corporation was not at any time seized and possessed of the lands to which the contract of sale relates, and had no interest directly or indirectly in the lands, wherefore defendant claims the defense of *ultra vires*. The demurrers to the pleas question their sufficiency as *ultra vires* defenses, and the replications allege that the defendant corporation claimed and represented

itself to be the owner of the lands, employed plaintiffs and received the benefit thereof and "sold or caused to be sold the identical lands the subject of said contract through and by another servant and employe for a greater profit to itself." The demurrers to the replications admit these allegations.

When not prohibited by law corporations have the implied power to make contracts that are fairly within the scope of the purposes of their creation.

Where a contract made by a private corporation is not forbidden by law and has some relation to the business the corporation is authorized to do, such contract may not be repudiated at pleasure to the injury of one who in good faith dealt with the corporation under circumstances indicating the authority of the corporation.

While those dealing with a private corporation are charged with some degree of care to ascertain the powers of the corporation with reference to the transaction, if the transaction has some fair relation to the matters within the corporate authority, the defense of *ultra vires* will not in general be available to afford injustice or imposition. 10 Cyc. 1158; 29 Am. & Eng. Enc. Law (2nd ed.) 50.

The powers and rights of the defendant corporation in conducting a general commission and mercantile business, in owning, leasing, having and operating turpentine farms, and buying and holding real estate are sufficient to authorize the corporation to make a contract for the sale of land, even though it be not seized and possessed thereof or has no interest in the land. The replication alleges the defendant corporation represented itself as the owner or claimant of the land and sold the same through another party. This is admitted by the demurrer to the replication. Under these circumstances the de-

fendant corporation cannot set up the defense of *ultra vires*.

The judgment is reversed.

SHACKLEFORD, C. J., and COCKRELL, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.