SOUTHERN MUTUAL AID ASSOCIATION, A CORPORATION, *Plaintiff in Error*, v. MOSES D. COBB, *Defendant in Error*.

1. Members of mutual benefit associations are bound to take notice of the charter powers of such associations and of the law of the State under which it is organized and authorized to do business.

2. Where a mutual benefit association organized and doing business under the laws of the State of Alabama issued to one of its members a policy agreeing to repay to said member after the expiration of ten years the premiums paid in by said member upon his policy, less any sums drawn out by him for such benefits, and said agreement is *ultra vires* as construed by the Supreme Court of Alabama, no recovery of said premiums can be had in this State.

This case was decided by Division B.

Writ of error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*Blount & Blount & Carter*, for Plaintiff in Error;

*John C. Avery* and *Kirke Monroe*, for Defendant in Error.

HOCKER, J.—Defendant in error, Cobb, brought an action at law in the circuit court of Escambia county against plaintiff in error, a corporation, and recovered a judgment against it for $306.63 and costs, which judgment is here on writ of error for review. The declaration contained two counts, as follows:

"1—

For that:

To-wit: Before the institution of this suit the defendant was indebted to the plaintiff in the sum of two hundred and sixty dollars ($260.00) for so much money received by the defendant for the use of the plaintiff; and

For that:

To-wit. Before the institution of this suit the plaintiff and defendant entered into a contract, copy whereof is hereto attached and made a part hereof, whereby the defendant agreed to return the amount of premiums paid out by the plaintiff less the amounts, if any, which the plaintiff may have drawn in case of sickness, as stated in the said contract; and plaintiff avers that after the making of the said contract and within ten years from the date thereof he paid, in compliance with the terms of the said contract to the said defendant the sum of two hundred and sixty dollars ($260.00); and plaintiff further in fact avers that he did and performed all things required by the terms of the said contract to be by him done and performed, and after the expiration of ten years from the date of the said contract, he tendered a return of the contract to the defendant corporation and demanded the return to plaintiff by the defendant of the amount paid by plaintiff to defendant, as aforesaid, under the terms of the said contract; but the defendant neglected and refused to pay the same, or any part

thereof; to plaintiff's damage of three hundred dollars ($300.00) and therefore he sues.

AVERY & AVERY,

Attorneys for Plaintiff.

4/07.

Class *A.*                                    Pol. No. 57798.

## THE SOUTHERN MUTUAL AID ASSOCIATION
### of Alabama.

'By Industry we Thrive.'

#### AGREEMENT.

In consideration of the representations and agreements in the application for this policy, respecting the person named in the schedule hereinafter contained, which application is hereby referred to and made a part of the contract, he or she is hereby made a member of THE SOUTHERN MUTUAL AID ASSOCIATION, and in consideration of the payment to said association, on or before the date hereof, the premium mentioned in said schedule and of a like weekly premium to be paid on or before each and every Monday thereafter during the life of the said person named:

Doth Hereby Agree to pay to the beneficiary the amount named herein within twenty-four hours after satisfactory proof of death shall be furnished the Home Office; and in case of sickness will pay the weekly benefit named in said schedule.

PROVIDED this Policy is in force at the expiration of Ten Years from the date hereof THE SOUTHERN MUTUAL AID ASSOCIATION hereby agrees on surrender of the same to return the amount of premiums paid to said

association less the amounts (if any) the person herein insured may have drawn in case of sickness during that time.

SCHEDULE ABOVE REFERRED TO

| Name of person for whom this policy is issued. | Age of Member | Weekly Premium. |
|---|---|---|
| MOSES D. COBB | 43 | 50 cents. |

AMOUNT OF BENEFITS.

| Weekly allowance in case of sickness. | Amount in case of Death. |
|---|---|
| $10.00 | $100.00 |

One-third of the above sums payable by the Association within the first six calendar months this policy is in force, one-half payable after six calendar months, and the full amount payable after one year. No sick benefits will be paid for less time than seven consecutive days, nor unless all premiums are paid.

This policy is issued and subject to the conditions set forth in this folio and the reverse side hereof, each and all of which are hereby made a part of this contract.

1. The production by the Association of this policy and of a receipt for the sum assured, signed by any person furnishing proof satisfactory to the association that he or she is the beneficiary or an executor or administrator, husband or wife, or relative by blood or connection by marriage, of the assured, shall be conclusive evidence that such sum has been paid; or the Association may pay the said sum for the purpose of his or her burial, and the production of a receipt, signed by the person or persons receiving such sum for this purpose, shall be conclusive evidence that such sum has been lawfully paid, and that all claims under this policy have been fully satisfied.

2. This policy and the receipt-book containing the entries of premiums paid on them shall be exhibited to the officers or authorized employes of the association at any time upon demand, and before any payment can be claimed under this policy said Policy and receipt-book must be surrendered to the association.

3. This policy shall be void if there is in force upon the life of said member a policy previously issued by this association, unless the policy first issued contains an endorse ment signed by the President or Secretary authorizing this Policy to be in force at the same time; or this policy shall become void if the weekly premiums shall not be paid according to the terms thereof. If for any cause this policy be or become void, all premiums paid thereon shall be forfeited to the association.

4. No assignment of this policy shall be valid, unless notice of such assignment shall be furnished this association within thirty days after its execution; and any claim made under this policy by an assignee, shall be subject to proof of interest and verification of assignment.

5. If the representations upon which this policy is granted be not true or if the conditions of said policy be not in all respects observed, or if said Policy shall in any way be assigned, sold, mortgaged, or otherwise parted with, or if any erasure or alteration shall be made in said Policy, except by endorsement Signed by the President or Secretary, this Policy shall thereupon become void; and whenever for any cause this policy shall terminate, all premiums previously paid shall be forfeited to the Association. No suit shall be brought nor action commenced against said Association under this Policy until 90 days after it has become due, nor after six months from the time when the right of action shall accrue.

IN WITNESS WHEREOF, THE SOUTHERN MUTUAL AID ASSOCIATION has by its President and Sec-

retary signed and delivered this Policy at Birmingham,
Ala., Aug. 24, 1896.          (Sgd)   W. M. DODD,
    (Corporate Seal.)                              President.
W. A. Stowe,
        Secretary.
(On Reverse Side.)

6. No sick benefits will be paid until five weeks after
all back dues are paid up, provided a member owes two
weekly payments, and members will not be allowed to pay
back dues when sick.

7. The member must be alive and in sound health
when this policy is delivered. This policy may for suffi-
cient cause, be cancelled at any time, and possession of
this policy, when cancelled shall not be deemed to bind
the association.

8. Sick beneficiaries are entitled to benefits only when
confined to their beds for seven consecutive days. No
more than twelve weeks will be paid in any twelve consecu-
tive months.

9. No benefits will be paid in case of sickness or death
from intemperance or immorality nor disease contracted
before joining the association; neither will sick benefits be
paid for women in confinement, menstrual sickness or
Uterine diseases. Only one-half of the stipulated sum
will be paid for sickness or death caused by any pulmo-
nary disease or rheumatism within eighteen months from
date of this policy. Members will be required to furnish
a physician's certificate satisfactory to the association
every week during sickness. In case of mistake or mis-
treatment in age, the association can only be held liable
for the amount on its tables at the proper age, and the
beneficiaries must prove the proper age satisfactorily.

10. Agents, (which term includes Superintendents
and Assistant Superintendents) are not authorized and
have no power to make, alter or discharge contracts, or

waive forfeitures, or to receive premiums on policies in arrears more ·than four (4) weeks, or to receipt for same in the premium receipt-book; and all such arrears given to an Agent shall be at the sole risk of those who may pay them, and shall not be credited upon the policy whether entered in the receipt-book or not. But a written application may be made for the revival of the Policy, upon a form provided by the Association.

11. It is also hereby stipulated and agreed that in case the member holding this Policy shall come to his or her death by his or her own hands, whether sane or insane. that this association shall not be held liable for any amount.

12. This association reserves the right to make assessments. If from any cause this policy is four weeks in arrears, it becomes lapsed and all monies paid on same are forfeited to the association. No physician's certificate will be received in proof of sickness who is not in actual attendance by visiting the member."

The defendant filed the following plea:

"1st. That it never was indebted in manner and form as alleged in the said counts of the said declaration."

And also an amended plea in lieu of the 2nd plea, as follows:

"3. The defendant for plea to the second count of the Plaintiff's declaration says: That it is a corporation of the State of Alabama, and that it and its President and Secretary were incorporated under and derived their powers from Part 2, Title 1, Chapter 3, Paragraphs 1547 to 1552, of the Code of Alabama of 1886, brought into the Code of Alabama of 1896 as Chapter 28, Article 3, Paragraphs 1116-1121; That on October 25th, 1901, the defendant corporation procured an amendment to its original charter, and in the amendatory declaration claimed and sought to obtain additional powers: 'To purchase, own

and convey real estate necessary for offices, not to exceed $100,000.00; To receive conveyances of real estate for pay-ment of debts due to the corporation; to issue certificates to, or agreements with, the members of the association upon the birth of any child, or upon decease, sickness, or physical disabilities of such member, whether by accident, or otherwise; to pay money or render aid to him or to those dependent upon him, or any beneficiary designated by him, and to receive and collect from said members dues or assessments at stated intervals, for such agreements or certificates; to accumulate a fund for meeting and pro-viding for the payment of such certificates and to invest the money thus accumulated in bonds or other securities, or to lend the same on notes secured by mortgages.'

The original purpose of the corporation before amend-ment of its charter was to comfort and assist all who might become members of the said association, morally, socially and financially, to furnish financial aid to the sick and destitute members of this association in the form of a stated weekly indemnity in case of sickness, and a stated funeral benefit in the case of death, graduated and determined by the amount of endowment secured and car-ried by each member upon his admission into the associa-tion; that pursuant to its powers the association has issued a large number of certificates for sick benefits, birth of child, or decease, sickness or physical disability of its members, upon payment of the weekly dues assessed; that it has gone beyond its powers and issued certificates or policies of insurance, providing for the repayment to the holders of such certificates or policies, at the end of ten years from the issuance thereof, all the dues paid in during the ten years by the holder less such weekly indem-nity sick benefits etc., received by the member holding such certificate or policy; that the plaintiff herein is the holder of such a ten-year certificate or policy, which is

the certificate or policy sued upon in this suit; that the defendant's promise to repay to the plaintiff after the expiration of ten years the premiums paid in by said plaintiff upon the said certificate or policy held by him, less any sums drawn out by him for sick benefits, exceeded and went beyond the said powers granted it, and was therefore void.   That the defendants promise for which plaintiff paid it the premiums aforesaid was a double one, to-wit: To insure plaintiff against sickness and death for the period of ten years from the date of the issuance of the said certificate or policy to the said plaintiff, and at the expiration of the said period of ten years, to return to the plaintiff the premiums paid by him, less any sums drawn out by said plaintiff for sick benefits; that defendant has well and truly performed one part of the said premises, to-wit:   That it has kept the said plaintiff insured for the period of ten years against sickness and death."

And also a plea numbered 4, as follows: "That it is a corporation organized and doing business under the laws of the State of Alabama, having been incorporated under and deriving all its powers from Part 2, Title 1, Chapter 3, Paragraphs 1547-1552 of the Code of Alabama of 1886, brought into the Code of Alabama of 1896 as Chapter 28, Article 3, Paragraphs 1116-1121; that its principal place of business and the legal residence of all its officers is in the city of Birmingham, in said State of Alabama; that the only powers or rights which it possesses are those granted it by the General Law under which it was incorporated, and by its charter and amendment thereto, which general powers and rights are set forth in full in the plea filed herein numbered 3, which allegations of the said plea as to its powers and rights are hereby made a part hereof; that pursuant to its powers the defendant has issued a large number of certificates, or policies for sick benefits, birth of child, or decease, sickness or physical dis-

ability of its members, upon the payment of the weekly
dues assessed; that it has gone beyond its powers and
issued certificates or policies providing for the re-payment
to the holder of such certificates for ten years from the
issuance thereof, all the dues, paid in during the ten years
by the holder of such certificates or policy, less such
weekly indemnity, sick benefits, etc., received by the mem-
ber holding said certificate or policy; that the plaintiff
herein is the holder of one of the said ten-year policies, or
certificates; that a suit was brought in the Chancery
Court of Jefferson County, State of Alabama, against the
Southern Mutual Aid Association, which association is
the defendant in this suit, by Lula Boyd and others, for
themselves and on behalf of such other holders of like
ordinary benefit certificates or policies who would come
in and make themselves parties praying for an injunction
prohibiting the said Association or its officers or agents
from paying out of the fund of said Association any
money or sums of money to the holders of said ten year
policies, or any of them and from levying or collecting
any additional or special assessment upon the policy
holders for the purpose of paying the said ten year poli-
cies, and to declare the action of the Association in issu-
ing the said ten year policies, ultra vires and void; that
the said suit was appealed to the Supreme Court of Ala-
bama, and that on May 9, 1906, the said Supreme Court
of the State of Alabama made an order enjoining the said
Association or its officers or agents from paying out of
the funds of the said Association any money or sums of
money due to the holders of the said ten year policies, or
any of them, or from levying or collecting any special or
additional assessments upon the said ten year policy hold-
ers to pay the said ten year policies, and declaring the
action of the said Association in issuing said policies, ultra
vires and void."

The defendant also filed a plea on equitable grounds setting up substantially the same facts as are stated in plea numbered 4.

The plaintiff demurred to each of the pleas except the 1st, upon the ground, among others, that the defense of ultra vires was not a defense to the action. The demurrer to these pleas was sustained.

The case was submitted to the Circuit Judge for decision upon the following agreed statement of facts: "That plaintiff has paid to the defendant company the sum of fifty cents per week for a period of ten years, as premium on policy number 57798, issued by the said company to the plaintiff on the 24th day of August, 1896; that the defendant has received the said premium on the said policy; that the plaintiff paid the said premiums relying on that provision in the said policy which promises to return said premiums less all amounts drawn out by the plaintiff for sick benefits, at the expiration of ten years from the date of the issue of the said policy if the said policy on said date be in force, and the plaintiff would not have paid said premiums had he not believed that the promise contained in said clause would be carried out on the part of the defendant; that the plaintiff tendered a return of said policy after the expiration of ten years and demanded a return to him of the said premiums paid in by him to the defendant company. These are agreed to be the facts subject to all legal exceptions of both parties. Should the said Judge decide that the plaintiff is entitled to recover from the defendant a part, but not all of the sum paid in by him as premiums upon the said policy because of the fact that said plaintiff has received a part of the consideration for which he paid his premium, to-wit: The protection afforded by the policy for ten years in which it was in existence, and should decree that the plaintiff is entitled to recover that sum which in equity and good conscience

belongs to him because of the fact that he has paid it to the defendant and has received therefor no consideration ; and should the Judge decide that the burden of showing what part of the premiums paid by the plaintiff went to pay for the protection feature of the policies which he received, and what part went to pay for the investment feature of the policy which he did not receive, it is hereby agreed that the said defendant shall have the right to introduce evidence showing the disposition made by the defendant of the premiums paid by the plaintiff with reference to the investment and protection feature of his policy."

The Circuit Judge then rendered the judgment for the plaintiff hereinbefore recited. A motion for a new trial was made and overruled.

The assignments of error question the rulings of the court on the demurrer to the pleas, and on the motion for a new trial, which attacked the judgment as contrary to and unsupported by the law and evidence.

It appears that the defendant association was an Alabama corporation, organized and operating under the laws of that State.

In the case of Boyd v. Southern Mut. Aid Ass'n, 145 Ala., 167, 41 South. Rep., 164, the Supreme Court of Alabama had under consideration the charter of this corporation, and a benefit certificate or policy similar to the one here sued on. The court held that the policy or certificate was ultra vires and void as to that part of it which provided for a return to the policy holder of the assessment at the expiration of a certain time, less benefits paid. Such a provision being ultra vires and destructive of mutuality of obligation. It is held in this case that the character of this corporation is very different from that of the ordinary private corporation. "It appears to be strictly a trustee for its members, having no property of

its own, and having no object in the way of accumulating property and profits for itself, but only for the benefit of its members, in order to distribute the burden of individual misfortunes of a specific class among the entire membership."

In the case of Southern Mut. Aid Ass'n v. Watson, 154 Ala., 325, 45 South. Rep., 649, the Supreme Court of Alabama had before it an action at law similar to the one in the instant case. The head note, in the Southern Reporter, is as follows: "Plaintiff paid dues to defendant corporation for sick benefit insurance; the certificate providing, if it continued in force for 10 years, defendant would at the end of such time return to plaintiff the dues paid, less any sick benefits paid. *Held,* in an action to recover such money, plaintiff having received no sick benefits during the 10 years, that plaintiff could not recover such money as money had and received for her, though the provision for return was ultra vires the corporation, there having been no fraud; the mistake of supposing defendant had authority to make the agreement for return of the money being one of law, one dealing with a corporation being bound to take notice of its charter powers, the consideration being indivisible, and the insurance feature being a sufficient consideration." This decision is by the Supreme Court of the State where the defendant corporation has its domicile, and seems to be in line with decisions which hold that members of Mutual Benefit Associations are bound to take notice of the charter powers of such associations.

In the case of Montgomery v. Whitbeck, 12 N. D., 385, 96 N. W. Rep., 327, it is held that "Every person applying for insurance and membership in a Mutual Insurance Company must take notice of the law of the State under which it is organized and is authorized to do business. This statute, the articles of incorporation, by-laws, appli-

cation for insurance and the policy each become parts of the contract and binding on the member." See 1 Bacon's Benefit Societies and Life Insurance, Chapter 161; Wood on Insurance (2nd ed.), Chapter 538 and note 2.

Plaintiff had the benefit of insurance for ten years and we think under the circumstances an action for money had and received does not lie, as it does not appear that the consideration is severable. 1 Chitty on Pl., bottom p. 467; Clark on Contracts, 775; Phoenix Mutual Life Ins. Co. v. Baker, 85 Ill., 410.

We are of opinion that the court erred in sustaining the demurrers to the 3rd and 4th pleas, and that the plaintiff was not entitled to recover under the count for money had and received. In following the Alabama decisions in this case involving an Alabama corporation and the Alabama law we do not wish to be understood as endorsing the views of that court upon the general question of the availability on the part of a corporation of the plea of ultra vires where benefits have been received by it under a contract. See Chewacla Lime-Works v. Dismukes, 87 Ala., 344, 6 South. Rep., 122. Our views on this question are expressed in the case of McQuaig v. Gulf Naval Stores Co., 56 Fla., 505, 47 South. Rep., 2.

The judgment below is reversed and the case remanded for further proceedings.

TAYLOR and PARKHILL, J. J., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.