## Jane Sherry, Appellee, v. Women's Catholic Order of Foresters, Appellant.

## Gen. No. 15,960.

1. FRATERNAL BENEFIT SOCIETIES—*what constitutes charter.* The charter of a fraternal benefit society is the certificate of organization granted by the state and the statutes of the state which provide for the organization of such societies and which define their powers.

2. FRATERNAL BENEFIT SOCIETIES—*when admission of member ultra vires.* If the charter of a fraternal benefit society prohibits the admission as a member of a person over the age of fifty years the admission of such a member is *ultra vires.* If, however, the prohibition be contained in a by-law of a society such by-law may be waived by the acceptance of dues.

3. FRATERNAL BENEFIT SOCIETIES—*when estoppel does not preclude defense of disqualifying age.* The doctrine of estoppel does not preclude the defense that a member at the time of admission was not of qualifying age if the disqualification results from the charter rather than from the by-laws of the society.

Appeal from the Superior Court of Cook county; the HON. HENRY V. FREEMAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1909. Reversed and remanded. Opinion filed November 28, 1911. Rehearing denied December 12, 1911.

A. H. EASTER, for appellant; J. AMBROSE GEARON, of counsel.

GEORGE F. TALTY, for appellee.

MR. JUSTICE CLARK delivered the opinion of the court.

The appellant is a fraternal benefit organization, created a corporation under the laws of Illinois. Ellen Sherry, the mother of the plaintiff, on November 30, 1904, applied for membership and presented to Morning Star Court No. 239 (a subordinate lodge of the Order) her written application in which she stated that she was born in Ireland on March 18, 1856. The application card was not signed by her, but was filled out by the examining physician at her request. In the application she designated Patrick Sherry, her husband, as her sole beneficiary. On December 12, 1904, Ellen Sherry was initiated a member of the Order in Morning Star Court.

The recording secretary testified that when she took the card from Mrs. Sherry that the latter told her to change the application so that the application card on the reverse side was made to read:

"Mrs. Ellen Sherry, Benefit payable to one thousand to Jane Sherry and one thousand to Patrick Sherry. Related as daughter and husband.   Initiated Dec. 12th, 1904.   Roll No. 153.

Nellie Flanagan,<br>Secretary."

Mrs. Sherry died a few days after her initiation. Proofs of her death were furnished the organization, and upon its refusal to pay the appellee, Jane Sherry, appellant was sued by her for the amount claimed to be due under the certificate, namely, $1,000, and interest thereon.   A trial was had before the court and a jury, and a verdict for $1,200 was rendered in favor of the appellee.   A *remittitur* of $200 was entered and judg-

ment rendered on the verdict for $1,000. This judgment we are now asked to reverse.

The first and, as we regard it, the principal question involved in the case is the question of fact as to whether or not Ellen Sherry at the time she was made a member of the organization was more than fifty years of age.

In this state the charter or organic law of an association like that of the appellant is held to be the certificate of organization granted to it by the state, and the statutes of the state which provide for the organization of such associations and which define their powers (Wood v. Mystic Circle, 212 Ill. 532; Steele v. Fraternal Tribunes, 215 Ill. 190). Properly authenticated copies of the documents which constituted the charter or organic law of appellant were introduced in evidence, and these show conclusively that under that charter no applicant could properly be received who was more than fifty years of age. In the two cases cited a distinction is made in this respect: that where a provision is incorporated in a by-law of the association, even though that by-law be designated as part of the constitution, it may be waived by the organization, and that the acceptance of dues from a member constituted such a waiver; but that where, as in the present case, the provision is in the articles of incorporation it is *ultra vires* the corporation to accept a person over the age limit as a member, and the organization cannot be bound even though some of the officers of the local lodge or the main body knew that the representations as to age were false.

We do not find in the record any testimony offered by the appellee as to the age of Mrs. Sherry at the time she became a member of the appellant organization. Testimony was introduced by the appellant as to the age of some of her children, which tends very strongly to show that she was more than fifty years of age at the time she made her application. The appel-

lant also introduced in evidence a certified copy of a record in the Public Record Office of Ireland, entitled ''A Census Return,'' which tends to show that on March 30, 1851, one Ellen Riordon (claimed to have been the maiden name of Mrs. Ellen Sherry) was five years of age. If this record is to be believed, and the Ellen Riordon named therein is the same person who under the name of Ellen Sherry made the application for the certificate in question, on which there is some proof, it would strongly tend to prove that she was upwards of fifty-eight years of age at the time she made the application.

The plaintiff was herself placed upon the stand to testify to certain facts, and it seems somewhat extraordinary that no effort was made to show by her about what age her mother was in 1904.

We think that the court should have granted the motion for a new trial on the ground that the verdict was against the clear weight of the evidence.

The court gave at the request of the plaintiff the following instruction to the jury:

''The court instructs the jury that if it believes from the evidence that the defendant or its subordinate court, required proofs of death to be delivered to it, following the death of the plaintiff's mother, and further believe from the evidence, that such proofs were delivered to the defendant in accordance with its constitution and by-laws, and further believe, from the evidence, that at such time, the defendant had knowledge of the alleged falsity of any statements questioned in this proceeding, then it is for the jury to determine from the evidence whether there was a waiver on the part of such defendant of any such alleged false statements or representations, if you believe from the evidence that any were made.''

This instruction was improper. For reasons heretofore stated, which reasons are more fully set forth in Steele v. Fraternal Tribunes, *supra,* the provision as

to age, being part of the organic law of the organization, may not be waived by the organization. In such circumstances the corporation is not estopped from raising the defense of *ultra vires*.

The court was asked by the appellant to instruct the jury that every statement made in the application constituted a warranty by Ellen Sherry, and that if the jury found that any statement was not true, then their verdict should be for the appellant. We do not think the court erred in refusing to give this instruction. Supreme Council v. Beggs, 110 Ill. App. 139.

It is further alleged by the appellant that if the appellant is bound at all it is bound only to Patrick Sherry, as his name was the only one mentioned in the certificate. We do not think so. It appears, that at the request of Ellen Sherry a certificate was to be made out jointly to her daughter, the appellee, and her husband, Patrick Sherry, and this was done in accordance with the usual and customary manner of transacting business of that nature. Nowak v. Murray, 127 Ill. App. 125, 130.

For the reasons stated, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*