No. 11,412.

SECURITY BENEFIT ASSOCIATION *v.* TALLEY.

Decided November 30, 1925.

Action on life benefit certificate.  Judgment for plaintiff.

*Reversed.*

*On Application for Supersedeas.*

1.  INSURANCE—*Life Benefit Certificate—Application—False State-
    ments.* Material representations in an application for life in-
    surance that are not made warranties, will defeat the policy if
    false, even if they are not fraudulent.

2.  *Life Benefit Certificate—Application—False Statements.* Good
    faith of the applicant or absence thereof in his answers
    made to questions in an application for life insurance, is imma-
    terial, and if they are shown to be false there can be no re-
    covery on the policy no matter how innocently the statements
    may have been made.

*Error to the District Court of El Paso County, Hon. Arthur
Cornforth, Judge.*

Messrs. CUNNINGHAM & FOARD, for plaintiff in error.

Mr. JAMES A. ORR, Mr. H. T. MCGARRY, for defendant
in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

THIS is an action by a beneficiary to recover upon a bene-
ficiary certificate issued by the defendant, a fraternal bene-
ficiary society, on October 21, 1919, to one Della J. Stru-
beck, who died on or about February 27, 1924.  There was

a directed verdict for plaintiff, and judgment was entered thereon for plaintiff in the sum of $1,039 and costs. Defendant society has sued out this writ and applies for a supersedeas.

In the application for membership in the beneficiary department of the defendant society appears the following statement: "* * * And I hereby declare that the foregoing answers and statements are true, full and correct, and I acknowledge and agree that the said answers and statements, with this application, shall form the basis of my agreement with the Order, and constitute a warranty."

Preceeding that statement, and following a list of questions, appears the following statement: "I have not now and never have had, and no physician has ever treated me for, or advised or informed me that I had * * * Consumption in any form * * * except. . ."

The last statement, as above quoted, is printed in the application, and following the word "except" the applicant wrote the words "none, only as below." In nothing which follows did the applicant give any answer qualifying the statement above quoted as to consumption.

Upon the trial, defendant introduced evidence to the effect that in September, 1919, about a month before the application was made, applicant came to a physician for an examination of the lungs; that the physician made such an examination both by a physical and an X-ray examination, and that such examinations disclosed that she had a slight amount of tuberculosis in the lobe of each lung, and that such a condition would probably exist on October 18, 1919, the date when the application was made and signed.

There is evidence, therefore, that the statement, in the application, to the effect that applicant had not then, and never did have, consumption in any form, was false, as alleged in defendant's answer.

The trial court directed a verdict for plaintiff, and it is now contended by plaintiff below, defendant in error here, that this ruling was correct because the evidence did not go further and show that Della J. Strubeck *knew* that the

statement was false. On the other hand, the plaintiff in error contends that the statement was a warranty, and that knowledge of its falsity was immaterial.

The statement was a warranty, and a part of the application which was a part of the contract. There is no serious contention that it was not a warranty. The question is whether in order to establish a defense based on the falsity of the statement, it was incumbent on defendant to prove not merely the falsity but also that the applicant knew it was false.

In 32 C. J. 1293, it is said in the text: "Good faith or the absence thereof on the part of insured is immaterial as to the effect of a warranty, and if it is shown to be false there can be no recovery upon the policy no matter how innocently the statement may have been made."

It has frequently been held, broadly, that if answers warranted to be true were not literally true when made, the policy is voidable at the election of the company. *Prudential Ins. Co. v. Hummer,* 36 Colo. 208, 221, 84 Pac. 61; *Nat. M. F. Ins. Co. v. Duncan,* 44 Colo. 472, 98 Pac. 634, 20 L. R. A. (N. S.) 340. And in *Webb v. Bankers' Life Ins. Co.* 19 Colo. App. 456, 76 Pac. 738, it was squarely held that the good faith of the applicant in making the answer is immaterial. This seems assumed in *Erickson v. Knights of Maccabees,* 71 Colo. 9, 203 Pac. 674.

There appears, however, to be language to the contrary in *Supreme Tribe of Ben-Hur v. York,* 70 Colo. 175, 197 Pac. 1012, and upon that case the trial court evidently based its ruling. We did not intend in that case to affect or modify the rule in *Webb v. Bankers' Life Ins. Co., supra,* but if the language bears such a construction, it is now disapproved. It may seem that section 469, Bacon on Benefit Societies, etc., was cited in that case upon the proposition that answers must be made false intentionally, but an examination of the authority cited shows that we intended to cite it merely upon the proposition that the insurer has the burden of proof upon the question of falsity. Material representations that are not made warranties will defeat

the policy if false, even if they are not fraudulent, under the holding and the reasoning of *American Bonding Co. v. Burke,* 36 Colo. 49, 85 Pac. 692. It is obvious that the same rule must prevail if the representations are made warranties.

Under the rule in 32 C. J. 1293, above quoted, and which is also briefly stated in 37 C. J. 455, and as definitely announced in *Webb v. Bankers' Life Ins. Co., supra,* it must be and is now held that in the instant case it was a good defense to an action upon the benefit certificate that the answer or statement in the application, as hereinbefore quoted, was false. It was not necessary for defendant to show that the answer or statement was intentionally false, or made in bad faith. It was therefore error to direct a verdict for plaintiff, under the evidence adduced.

The judgment is reversed, and the cause remanded for new trial.

MR. JUSTICE DENISON and MR. JUSTICE WHITFORD concur.