No. 12,284.

Western Casualty Company v. Aarons.

Decided May 6, 1929. Rehearing denied May 27, 1929.

Mr. FRED R. WRIGHT, Mr. GAIL L. IRELAND, for plaintiff in error.

Mr. HARRY A. FEDER, for defendant in error.

*Department Two.*

MR. JUSTICE MOORE delivered the opinion of the court.

PARTIES are referred to as in the lower court.

Plaintiff, assignee of one Fannie M. Parker, had judgment against the defendant for $120, being the amount paid to defendant on account of premiums for 12 years on an accident insurance policy.

On August 14, 1915, Fannie M. Parker, in her application for insurance, represented that she was 54 years old. Pursuant thereto a policy was issued to and accepted by Fannie M. Parker who paid premiums thereunder for a period of 12 years. Thereafter this suit was instituted to recover the amount of said premiums paid, the claim being that she was 60 years old when the policy was issued and that the policy was void because it contained a provision that "This policy shall not cover any person under the age of 16 years nor over the age of 60 years." Plaintiff received two dividends of $10 each which were applied upon said premiums pursuant to the provisions of said policy. The policy contained a pro-

vision that the application endorsed thereon, is made a part thereof. The case does not involve any question of fraud on the part of the insurance agent who took the application.

Plaintiff contends that the policy was void ab initio. The claim is bad. The "60 year age limit" provision of the policy is a restriction for the company's benefit and may be waived or ignored. The policy is voidable and not void. *Prudential Ins. Co. v. Hummer,* 36 Colo. 208, 84 Pac. 61; *German American Ins. Co. v. Hyman,* 42 Colo. 156, 94 Pac. 27; *Security Benefit Ass'n v. Talley,* 78 Colo. 358, 241 Pac. 721; *Germania Life Ins. Co. v. Klein,* 25 Colo. App. 326, 137 Pac. 73.

The company, having accepted the premiums over a period of years and after it was aware that the insured had arrived at the age of 60 years (assuming the age set forth in the application to be correct), thereby waived its right to avoid the policy. Having warranted that she was 54 years of age, having paid the premiums thereon for 12 years; having accepted dividends thereunder, having failed to ascertain the provisions of the policy for a period of 12 years, having failed during said period to notify the company that she was not in fact 54 years old at the time of the issuance of said policy and was in fact at said time 60 years of age, and having received the benefits of said insurance during said period, she cannot now assert that said policy was void and that she is entitled to the premiums paid thereunder.

On these questions, the following citations are controling: *Erickson v. Knights of Maccabees,* 71 Colo. 9, 203 Pac. 674; *New York Life Ins. Co. v. Fletcher,* 117 U. S. 519, 6 Sup. Ct. 837; 1 C. J. 419; 10 R. C. L. 691.

Therefore, under the facts and the law, plaintiff was not entitled to recover. The judgment is reversed.

Mr. Chief Justice Whitford, Mr. Justice Butler and Mr. Justice Burke concur.