164 So. 301

## WASHINGTON NAT. INS. CO. v. SCOTT.

### 6 Div. 714.

Court of Appeals of Alabama.

April 2, 1935.

Rehearing Denied June 11, 1935.

Reversed on Mandate Nov. 26, 1935.

Wm. A. Jacobs, of Birmingham, for appellant.

David J. Davis, of Birmingham, for appellee.

RICE, Judge.

Appellee was insured against sickness and accidents by the American National Insurance Company; the policy containing the following clause: "The insurance under this policy shall not cover any person under the age of one year nor over the age of 65 years. Any premium paid to the

company for any period not covered by this policy will be returned upon request."

At the time of issuance of the policy referred to above, appellee was 59 years of age. He paid, regularly, the specified premiums until long after he had reached and passed the age of 65.

Some time after he had passed this latter age, but before he ceased to pay the premiums, appellant entered into a contract with the American National Insurance Company called a "reinsurance contract." The appellant and the American National Insurance Company executed and sent to appellee, to be attached to his policy, the following reinsurance indorsement, to wit:

| IMPORTANT | RE-INSURANCE ENDORSE-MENT · |
|---|---|
| This supplemental agreement should be attached to your policy and preserved with it. | For a valuable consideration, the Washington National Insurance Company of Chicago, Illinois, does, as of 12 o'clock midnight, June 30, 1931, hereby assume as its own contract insurance policy No. 495551, issued by the American National Insurance Company of Galveston, Texas to Peter Scott, *and agrees with the holder of said policy that it will perform all the obligations thereof in the place and stead of the American National Insurance Company* in accordance with the terms of the Re-Insurance Contract of June 23, 1931 |

WASHINGTON NATIONAL INSURANCE COMPANY

H. R. Kendall, President

Chicago, Illinois ·
June 30, 1931.

The foregoing is in accordance with our contract with the Washington National Insurance Company, to whom we have transferred our Health and Accident business with our good will, and we recommend the continuance of your policy with that Company.

AMERICAN NATIONAL INSURANCE COMPANY

W. L. Moody, Jr., President.

[Italics Supplied.]

It is without dispute that after appellee became 65 years of age and prior to the going into effect of the reinsurance contract he had paid to the American National Insurance Company $170.10. Subsequent to the going into effect of said re-insurance contract he paid to appellant $64.80.

■■ In a suit, the trial of which was held before the court sitting without a jury, judgment was rendered in favor of appellee for both these amounts, plus interest from the date of the demand on appellant for their payment.

We think the judgment should be affirmed.

There is, practically, no question but that appellant, under the plain terms of the policy, is due to return to appellee all the amounts ($64.80 total) paid by him to *it,* after he had reached the age of 65 years.

As for the other amount ($170.10) which had been paid to the American National Insurance Company by appellee, after he had become 65 years of age, the policy obligated the insurer to return it *upon request.* This request was not made until *after* the going into effect of the reinsurance contract mentioned above herein, and after appellant had agreed, for a consideration, to "perform all the obligations thereof (of the original policy) in the place and stead of the American National Insurance Company."

True, this agreement of appellant was "in accordance with the terms of the reinsurance contract"; but the said "re-insurance contract" was not expressed in nor attached to appellee's policy of insurance, and we do not think—even if it would alter appellant's liability in the premises, which we do not decide—that appellee was bound by its provisions. Code 1923, § 8371; Manhattan Life Insurance Co. v. Verneuille, 156 Ala. 592, 47 So. 72.

The judgment is affirmed.

Affirmed.

### On Rehearing.

We are taken rather severely to task because—as appellant's distinguished counsel claims—appellant "presented for determination * * * a clear-cut question of law, and the Court of Appeals has completely ignored it."

Appellant says "the outstanding question presented on the appeal was whether or not the undisputed facts constituted a waiver by both parties of the age limitation clause of the policy." Well, we agree. And we thought what we had written constituted a decision by us that they did not. That is, did not, in the sense that

appellant would be excused from living up to "the literal terms of the policy."

To be fair, for the purposes of the review stated to be made of our holding, perhaps we ought to here set down—as we do—that both appellant (and its predecessor in interest) and appellee were well aware of the date upon which appellee reached the age of sixty-five years. But we felt, and feel, that appellant should not be allowed to quibble about "waiver." when appellee concludes to demand the return of premiums paid by him, when, as can be readily seen, if "liability" had arisen on the policy, appellant could have at least caused appellee a great deal of trouble—a protracted lawsuit—by "tendering back these very premiums" and relying upon the *plain terms* of the policy. Appellant (or its predecessor) *wrote* the policy. Now let them comply with its terms.

The application for rehearing is overruled.

Application overruled.

PER CURIAM.

Reversed and remanded on authority of Washington National Ins. Co. v. Scott (Ala.Sup. 6 Div. 807) 164 So. 303.