164 So. 303

**WASHINGTON NAT. INS. CO. v. SCOTT.**

**6 Div. 807.**

Supreme Court of Alabama.

Oct. 17, 1935.

Wm. A. Jacobs, of Birmingham, for petitioner.

David J. Davis, of Birmingham, for respondent.

**132**

BOULDIN, Justice.

Action by the insured under a health and accident policy to recover from a reinsurer the premiums paid thereon after passing the age limit named in the policy.

For a full statement of facts, we refer to the opinion of the Court of Appeals. Washington National Insurance Company v. Scott, 26 Ala. App. 598, 164 So. 301.

■ We approve the holding of the Court of Appeals in the original opinion to the effect that the stipulation for return of premiums imposed a contractual obligation, which became binding under the reinsurance indorsements issued to the insured, and not to be limited by stipulations in the contract between insurer and reinsurer, to which the insured was not a party. Code, § 8371.

We need not consider whether, in the absence of such statute, the insured would be chargeable, by reference merely, with notice of provisions in conflict with the natural import of the indorsements mentioned.

■ Dealing with the extended opinion on rehearing, we think the following observations clearly sound: The contract provision: "The insurance under this policy shall not cover any person under the age of one year nor over the age of sixty-five years. Any premium paid to the company for any period not covered by this policy will be returned upon request," is one and indivisible. The obligation to return premiums is expressly limited to any premium paid for a period not covered by the policy. If, therefore, under the doctrine of waiver and estoppel, the age limit was stricken from the policy, and the policy continued in force during the period for which the premiums sued for were paid, the provision for return of premiums has no application. This, by its own terms, as well as by general principles of law. Southern Mutual Aid Association v. Watson, 154 Ala. 325, 45 So. 649; 45 C. J. p. 62, § 51.

On rehearing the Court of Appeals (164 So. 302) says: "Perhaps we ought to here set down—as we do—that both appellant (and its predecessor in interest) and appellee were well aware of the date upon which appellee reached the age of sixty-five years." By this we understand all parties had knowledge that the age limit had passed at the time all these premiums were paid by the insured and received and retained by the insurer and the reinsurer.

■ Probably there is no principle of insurance law more firmly settled, nor better grounded in justice and reason, than that an insurer, who receives and retains premiums, the very consideration for carrying the insurance risk, with knowledge of facts which, under stipulations for his benefit, would, in the absence of such knowledge, empower him to treat the policy as having never been in force, or as being no longer in force, will be held to have waived such stipulations. Waiver, strictly speaking, is a matter of intent. But, in such case, no proof of actual intent is required. Any other intent, in such case, would work a positive wrong or fraud on the insured. The law charges the insurer with the intent to waive under the doctrine of estoppel.

■ In the absence of statute, or charter provisions, rendering unlawful insurance risks beyond a prescribed age limit, this doctrine of waiver or estoppel applies to age-limit stipulations in policies. Nor can the insurer, under stipulations here involved, answer that he received and held the monies under express contract to refund on request.

The money, as received, is earmarked as premium payments, tendered to carry the insurance risk.

■ No insurer could reasonably assume the insured was turning in his money for the insurer's free use until such time as the insured should call for it. The facts disclose a mutual intent to continue the policy in force. We are constrained to hold, under the facts found by the Court of Appeals, this policy was continued in force for the period these premiums were paid, and they cannot now be recovered. The provision for return has a field of operation, broadly speaking, in all cases where the policy was not continued in force. This conclusion, we think, well supported in reason and authority. National Life & Accident Ins. Co. v. Ransdell, 259 Ky. 559, 82 S.W.(2d) 820; Western Casualty Co. v. Aarons, 85 Colo. 591, 277 P. 811; United Order of Good Samaritans v. Lillian Meekins, 155 Ark. 407, 244 S.W. 439, 28 A.L.R. 89, note page 93 et seq; Beggs v. Supreme Council, C. K. and L. of A. (1909) 146 Ill. App. 168; Sherry v. Women's Catholic Order of Foresters (1911) 166 Ill. App. 254; Krause v. Modern Woodmen (1907) 133 Iowa, 199, 110 N.W. 452; Morrison v. Wisconsin Odd Fellows Mut. L. Ins. Co. (1884) 59 Wis. 162,

18 N.W. 13. And see Gray v. National Ben. Asso. (1887) 111 Ind. 531, 11 N.E. 477; Haner v. Grand Lodge, A. O. U. W. 102 Neb. 563, 168 N.W. 189; 3 Couch Ency. Ins. §§ 265, 687a; 1 C. J. p. 420, § 60; State Life Ins. Co. v. Finney, 216 Ala. 562, 114 So. 132; Alabama State Mutual Assurance Co. v. Long Clothing & Shoe Co., 123 Ala. 667, 26 So. 655.

Most of the age-limit cases have arisen on fraternal benefit insurance policies; but the reasoning on which they proceed is whether they should be subject to the same rules as accident and health insurance policies generally. Two cases first above cited deal with contract provisions the same as here involved.

Noting the closing pronouncement of the Court of Appeals on rehearing, we merely suggest we cannot concur in the view that the legal rights of the parties are to be determined by the fact that the insurer could have given the insured much trouble by presenting a groundless defense to a suit for disability benefits, had such case arisen.

Writ of certiorari granted. Reversed and remanded to the Court of Appeals.

All the justices concur.