**STATE COMPENSATION INSURANCE FUND, Petitioner,**

v.

**Merlin WANGERIN, Wangerin's Cabinet Shop, the Industrial Commission of the State of Colorado, The Division of Labor and its Director, Robert J. Husson, James H. Curry, d/b/a James H. Curry Company, and/or James H. and Donna Curry, Respondents.**

No. 85CA1763.

Colorado Court of Appeals,
Div. III.

Nov. 26, 1986.

Rehearing Denied Jan. 15, 1987.

Certiorari Denied (Fund) May 11, 1987.

Anderson, Campbell & Laugesen, P.C., Thomas M. Schrant, Denver, for petitioner.

Kane & Donley, Jerry Alan Donley, Colorado Springs, for respondent James H. Curry Company.

Douglas R. Phillips, Denver, for respondent Merlin Wangerin.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Industrial Commission.

METZGER, Judge.

The State Compensation Insurance Fund (the Fund) seeks review of an order of the Industrial Commission (Commission) granting workmen's compensation insurance coverage to James H. Curry (Curry), and awarding compensation under the policy for injuries sustained by claimant, Merlin A. Wangerin (Wangerin). We affirm.

In December 1976, Curry applied for a "Standard Workmen's Compensation and Employer's Liability Policy" with the Fund. Curry, a real estate appraiser, sought insurance for part-time clerical personnel employed by his individually owned and operated business. The Fund subsequently issued an insurance policy to Curry.

In January 1979, Curry began construction of a private residence. On March 15, 1979, Wangerin, who was employed as a carpenter, fell from the roof of the partially finished house, sustaining several permanent disabilities. Wangerin subsequently filed a claim under the Workmen's Compensation Act.

On December 3, 1979, after conducting hearings on Wangerin's claim, a referee found that Wangerin was Curry's employee, and that the Fund was liable under Curry's policy for Wangerin's injuries.

Both the Fund and Curry filed petitions with the Commission for review of the referee's decision. On August 13, 1980, the Commission entered an order reversing the referee's decision.

This court, in *Curry v. Industrial Commission,* (Colo.App. No. 80CA1164, Nov. 19, 1981) (not selected for official publication), affirmed the Commission's order. In that ruling, we upheld the Commission's decision, that it need not consider the effect of the Fund's conduct in assessing and accepting an enhanced premium from Curry for a period including 1979, on the basis that the issue was raised in an untimely manner.

The Supreme Court granted certiorari, and, in *Curry v. Industrial Commission,* 672 P.2d 513 (Colo.1983), it reversed and remanded the cause for factual and legal determinations of what effect, if any, the conduct of all of the parties in 1980 had on the issue whether Wangerin's injuries were covered by Curry's policy.

On remand, after a hearing, a referee found the contract between Curry and the Fund provided that the amount of Curry's actual earned premium was to be determined after the end of the policy year, *i.e.,* after December 1, 1979. It further provided that if the earned premium exceeded the estimated premium previously paid, then Curry was obligated to pay the excess. The contract also required Curry to maintain records of the information necessary for premium computation, and to send copies of such records to the Fund at the end of the policy period.

On January 30, 1980, Curry sent a letter to the Fund indicating that as of January 10, 1979, there had been a change in the operations and location of his business to include "construction of a personal residence ... in addition to the continued operation of my office...." The letter included Wangerin as an employee because of the decision of the referee on December 3, 1979, and provided the necessary payroll information for the recomputation of the insurance premium.

On April 3, 1980, an auditor for the Fund performed a verified audit of Curry's policy

for the period from December 1, 1978, to December 1, 1979. That audit, which was verified by another auditor, caused an additional premium of $293 to be assessed to Curry, because of Wangerin's status as Curry's employee. Curry paid the additional premium and the check was duly negotiated by the Fund. The Fund did not at any time indicate in writing that it reserved any of its rights, nor did it impose any conditions upon its acceptance of the additional premium. In October 1980, after the Commission's decision, the Fund attempted to return the additional premium, but Curry refused to accept it.

The referee concluded that the Fund had followed its own procedures and that it had failed to reserve any rights or impose any conditions on its acceptance of Curry's check. He further found that Curry relied upon the voluntary actions of the Fund. Consequently, he concluded that the Fund was liable to Wangerin under Curry's policy. The Commission adopted the referee's findings and conclusions and affirmed the order.

On review, the Fund asserts that its retention of the premium does not constitute a waiver or estoppel of its defenses to coverage. We disagree.

■ The doctrines of estoppel and waiver have been applied where an insurer has accepted premium payments under circumstances in which it was entitled to deny coverage under its policy. *See American National Insurance Co. v. Cooper,* 169 Colo. 420, 458 P.2d 257 (1969); *Western Casualty Co. v. Aarons,* 85 Colo. 591, 277 P. 811 (1929); *Krumwiede v. Bankers Life & Casualty Co.,* 95 Ill.App.3d 861, 51 Ill. Dec. 331, 420 N.E.2d 745 (1981); *Godley v. Pitt County,* 306 N.C. 357, 293 S.E.2d 167 (1982). However, waiver and estoppel do not apply if the insurer conditionally accepts a premium payment, steadfastly denies liability, or accepts a premium payment before receiving notice of the loss. *See Simpson v. Millers National Insurance Co.,* 175 Colo. 196, 486 P.2d 12 (1971); *Kansas City Life Insurance Co. v. Johnson,* 480 P.2d 122 (Colo.App.1970) (not selected for official publication).

■ The related rule of reasonable expectation is also applicable to determine the continuing existence of insurance coverage. *Leland v. Travelers Indemnity Co.,* 712 P.2d 1060 (Colo.App.1985); *Sanchez v. Connecticut General Life Insurance Co.,* 681 P.2d 974 (Colo.App.1984). An insurer who wishes to avoid liability upon the acceptance of premium payments must use clear and unequivocal language evidencing its intent to limit coverage, and the insurer must also call such limiting conditions to the attention of the applicant. *Sanchez v. Connecticut General Life Insurance Co., supra.* Absent proof of such disclosure, coverage will be deemed to be that which would be expected by the ordinary lay person. *Sanchez v. Connecticut General Life Insurance Co., supra.*

■ It is undisputed that the Fund sent Curry a notice for past-due premium payments in the amount of $293. Curry then made full payment to the Fund, knowing that a failure to pay would result in the cancellation of his entire policy. The Fund did not directly inform Curry that it intended to appeal the referee's coverage decision, nor did the Fund give Curry notice that his premium payment was accepted subject to the Fund's appeal of the coverage question. Consequently, we conclude that the Fund's actions constituted conduct which would convey the impression that it intended to cover Wangerin's claim.

The Fund also argues that Curry could not reasonably rely on the above conduct. Curry did testify that he was aware that the Fund intended to appeal the referee's decision concerning the issue whether Wangerin was covered by Curry's policy. In addition, Curry voluntarily submitted payroll information to the Fund, contrary to his usual practice of waiting for an audit form. Although there is contradictory evidence regarding the reasonableness of Curry's reliance, the determination whether an ordinary lay person could conclude that coverage existed is a question of fact. Under the circumstances here, there is evidence in the record supporting the Commission's conclusion that Curry's reliance was reasonable, and we may not disturb that

finding on appeal. *American Metals Climax, Inc. v. Cisneros*, 195 Colo. 163, 576 P.2d 553 (1978).

In light of this resolution, we need not address the parties' remaining contentions.

The order is affirmed.

VAN CISE and BABCOCK, JJ., concur.